# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOHAMMAD IBRAHIM BAZZI** <br> Rue Francois El Hajj <br> Park Palace Building <br> 5th Floor, Bar Idriss <br> Beirut, Lebanon <br><br> *Plaintiff,* <br><br> v. <br><br> **ANDREA M. GACKI** <br> in her official capacity as <br> **Director of the United States** <br> **Department of the Treasury** <br> **Office of Foreign Assets Control** <br> 1500 Pennsylvania Avenue, NW <br> Freedman's Bank Building <br> Washington, D.C. 20220 <br><br> *Defendant,* <br><br> and <br><br> **THE UNITED STATES DEPARTMENT** <br> **OF THE TREASURY, OFFICE OF FOREIGN** <br> **ASSETS CONTROL** <br> 1500 Pennsylvania Avenue, NW <br> Freedman's Bank Building <br> Washington, D.C. 20220 <br><br> *Defendant.* | CIV. NO. 1:19-cv-00484 <br><br> **COMPLAINT FOR** <br> **DECLARATORY AND** <br> **INJUNCTIVE RELIEF** <br><br><br> ECF |

Plaintiff Mohammad Ibrahim Bazzi (hereinafter referred to as "Bazzi") brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, and in support of his complaint alleges the following:

**NATURE OF THE CASE**

1. This lawsuit seeks the Court's intervention to enjoin Defendants from their unlawful designation of Bazzi as a "Specially Designated Global Terrorist" ("SDGT") pursuant to Executive Order 13224. That designation had the effect of adding Bazzi's name to OFAC's Specially Designated Nationals and Blocked Persons List ("SDN List").

2. In designating Bazzi, Defendants made allegations that seem to parallel historical conduct—i.e., conduct that had terminated in or prior to 2013—and that has no rational connection to the criteria of Executive Order ("E.O.") 13224. OFAC's reliance on these allegations was not in accordance with law.

3. The May 17, 2018 Press Release announcing Bazzi's designation claims that he "was designated for assisting in, sponsoring, or providing financial, material, or technological support for, or financial or other services to or in support of Hizballah." Exhibit A—Defendants' Press Release of May 17, 2018. The May 23, 2018 Federal Register Notice of Bazzi's designation, however, states that the designation was imposed under section 1(c) of E.O. 13224 "for acting for or on behalf of HIZBALLAH, an entity determined to be subject to E.O. 13224." *See* 83 Fed. Reg. 23,997-23,998. Accordingly, Defendants have not provided adequate notice of the actual criteria of E.O. 13224 that they relied upon to designate Bazzi.

4. Bazzi is familiar with the transactions and dealings that OFAC has alleged in support of its designation. OFAC's allegations, however, misconstrue and exaggerate those events. Further, many of those events occurred over ten years ago and the alleged dealings with parties identified by OFAC as supporting their designation ceased over five years ago.

5. By designating Bazzi, Defendants have caused him irreparable harm by destroying his reputation and business interests, ruining his financial and personal well-being, and jeopardizing his safety. Bazzi has been forced out of his legitimate business operations and his longstanding customers and suppliers have severed ties with him because of the designation. Bazzi's personal and business accounts have been closed or frozen, directly impacting his ability to financially support himself and his family. In addition, the allegations in Defendants' Press Release regarding Hizballah have made Bazzi a target of Hizballah.

6. OFAC's policy is that the goal of U.S. sanctions is to bring about positive changes in behavior. Defendants' reliance on evidence that is outdated, immaterial, non-probative, and historical to designate Bazzi under E.O. 13224, however, means that a change in behavior in this matter can never be demonstrated.

7. Bazzi therefore appeals to this Court to overturn and hold unlawful his May 17, 2018 designation, as Defendants' findings, conclusions, and actions in this matter violate the APA.

## JURISDICTION AND VENUE

8. This action arises under the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

9. This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. Rule 57. This Court may grant injunctive relief in accordance with Fed. R. Civ. P. Rule 65.

10. Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b) and (e), as the Defendants reside in this District.

## THE PARTIES

11. Mohammad Ibrahim Bazzi is and was at all times relevant herein a citizen of Lebanon. Bazzi currently resides at Rue Francois El Hajj, Park Palace Building, 5th Floor, Bar Idriss, Beirut, Lebanon.

12. On May 17, 2018, Bazzi was designated as a SDGT under E.O. 13224 and his name was added to the SDN List.

13. Defendant OFAC is a federal administrative agency of the United States Department of the Treasury, located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220. The United States Department of the Treasury is responsible for maintaining the financial and economic security of the United States. The United States Department of the Treasury is also responsible for overseeing various agencies, including OFAC. Bazzi is informed and believes thereon that OFAC is responsible for maintaining and administering the SDN List, including by placing persons on and removing persons from the SDN List consistent with E.O. 13224 and the implementing regulations located at 31 C.F.R. Parts 501 and 594, the "Reporting, Procedures and Penalties Regulations" and the "Global Terrorism Sanctions Regulations," respectively. OFAC was responsible for designating Bazzi under E.O. 13224.

14. Defendant Andrea M. Gacki is the Director of OFAC. Ms. Gacki is sued in her official capacity.

## FACTUAL ALLEGATIONS

**A.  OFAC Designates Bazzi Under E.O. 13224**

15. On May 17, 2018, Defendants issued a press release alleging that Bazzi was designated as a SDGT under E.O. 13224 for "assisting in, sponsoring, or providing financial, material, or technological support for, or financial or other services to or in support of, Hizballah." Exhibit

A—Defendants' Press Release of May 17, 2018. That language reflects the designation criteria found in E.O. 13224, Section 1(d). On the same day, Bazzi was added to the SDN List with the "[SDGT]" identifier.

16. Approximately one week later, on May 23, 2018, OFAC published a Federal Register Notice of Bazzi's designation that provided a separate and distinct basis of designation from that found in Defendants' Press Release. The Federal Register Notice indicated that Bazzi was designated under E.O. 13224, Section 1(c) for "acting for or on behalf of HIZBALLAH, an entity determined to be subject to E.O. 13224."

17. OFAC has offered no explanation as to why the basis for Bazzi's designation differs between the Press Release and the Federal Register Notice. As OFAC has not clarified whether Bazzi was designated for acting for or on behalf of Hizballah, or whether he was designated for providing support and services to Hizballah, Defendants have not provided adequate notice as to the basis of Bazzi's designation.

18. Furthermore, the conclusory allegations against Bazzi in the Press Release and the Federal Register Notice fail to provide any factual predicate for determining that he is engaged in ongoing conduct implicating any of the designation criteria of E.O. 13224, including that of section 1(c) or 1(d).

19. Specifically, Defendants' Press Release announcing Bazzi's designation is premised on the conclusory allegation that he "is a key Hizballah financier who has provided Hizballah financial assistance for many years and has provided millions of dollars to Hizballah generated from his business activities." Exhibit A—Defendants' Press Release of May 17, 2018. The Press Release does not include any reasoning to establish how OFAC concluded that Bazzi is a Hizballah financier or how he provided "millions of dollars" to Hizballah.

20.     The Press Release further alleges that Bazzi "maintains ties" with two other SDGTs—Adham Tabaja and Ali Youssef Charara—and that he and a co-designee, Abdallah Safi-Al-Din, "worked with" the Central Bank of Iran in 2009 to 2010 to expand banking access between Iran and Lebanon.  OFAC fails to provide any information or reasoning as to how these allegations directly or indirectly connect Bazzi with Hizballah.  *See* Exhibit A— Defendants' Press Release of May 17, 2018.

21.     The purportedly sanctionable activities that Defendants relied upon to sanction Bazzi were in fact lawful dealings that occurred between 2005 and 2013.  Bazzi was not engaged in any dealings with any of these individuals after 2013, nor has he maintained ties to them since 2013.  OFAC has also failed to allege or provide any reasoning as to why Bazzi would know any of these individuals had ties to or were affiliated with Hizballah.

22.     The disclosures made in OFAC's Press Release and the Federal Register Notice announcing Bazzi's designation contain the only information provided to Bazzi as to OFAC's bases, conclusions, and allegations for his designation.  OFAC has not provided Bazzi with any portions of the administrative record underlying Bazzi's designation, nor any other information explaining the reasons for the designation.

**B.      Defendants' Reliance Upon Historical and Immaterial Conduct**

23.     Notwithstanding the fact that the conduct alleged in Defendants' Press Release has no rational connection to any of E.O. 13224's designation criteria and is highly exaggerated, the conduct that they relied upon to designate Bazzi occurred more than five years ago and has since ceased.

24. Bazzi believes that OFAC's knowledge that these dealings were historical and have since ceased is reflected in any classified or privileged portions of the OFAC administrative record supporting Bazzi's designation.

25. For example, the administrative record should demonstrate that Bazzi informally introduced certain Lebanese bankers to bankers at the Central Bank of Iran sometime between 2006 and 2007. This was Bazzi's sole interaction with the Central Bank of Iran and occurred more than a decade ago. OFAC, however, has misconstrued those events to claim that Bazzi worked with the Central Bank of Iran to expand banking access between Iran and Lebanon between 2009-2010.

26. Further, it is believed that OFAC's administrative record shows that Bazzi's dealings with Safi-Al-Din, Charara, and Tabaja all took place and ended well before any of those persons were designated by OFAC—Abdallah Safi-Al-Din was designated on May 17, 2018; Ali Charara was designated on January 7, 2016; and Adham Tabaja was designated on June 10, 2015.

27. Defendants also cite previous ties between Bazzi and Yahya Jammeh, the former President of The Gambia, who was designated under E.O. 13818 for alleged human rights abuses and corruption on December 21, 2017. Exhibit A—Defendants' Press Release of May 17, 2018.

28. In addition, Defendants broadly allege that Bazzi has "business ties" to the Ayman Joumaa Drug Trafficking and Money Laundering Organization which was designated by OFAC on January 26, 2011 pursuant to the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901 *et al*.

29. These references are totally irrelevant, immaterial, and not otherwise probative to any designation criteria of E.O. 13224, and Defendants' reliance on them to support Bazzi's designation is unlawful.

**C.     Punishment of Bazzi as a Proxy for the Government of Iran and Animus Against Bazzi**

30.    Furthermore, Defendants' Press Release demonstrates that they designated Bazzi to punish him as a proxy for the Government of Iran.  The Press Release states that Bazzi's designation was "the third action in the past week in which OFAC has designated terrorists with a connection to the Central Bank of Iran," and "follow[s] President Trump's decision…to begin reimposing U.S. nuclear-related sanctions on the Iranian regime…." Exhibit A—Defendants' Press Release of May 17, 2018.  Those statements are irrelevant, immaterial, or otherwise not rationally connected to any of the designation criteria contained in E.O. 13224.

31.    Defendants have also leveled *ad hominem* attacks against Bazzi by stating that Bazzi engaged in "savaged and depraved acts" and "despicable behavior."  Exhibit A—Defendants' Press Release of May 17, 2018.  This characterization of Bazzi by Defendants has no rational connection to any of the designation criteria of E.O. 13224 and is immaterial to any that authority's designation criteria.  This specific language used by Defendants demonstrates bad faith and impropriety in the designation process, and clearly shows that they harbor a deep bias and prejudice against Bazzi that would impair any fair consideration in an administrative reconsideration process undertaken to challenge his designation.

**D.     Devastating Impact of Defendants' Unlawful Designation**

32.    As a result of his designation, all of Bazzi's property and interests in property located within U.S. jurisdiction are blocked, and U.S. persons are generally prohibited from engaging in any transactions or dealings with him.  In addition, foreign financial institutions run the risk of U.S. sanctions designations for engaging in any significant transaction(s) with Bazzi, and foreign persons who transact with Bazzi are exposed to sanctions risk for those dealings.

33. Due to the extraterritorial effects of U.S. sanctions, foreign parties have been reluctant to engage in transactions or dealings with Bazzi out of fear of retribution by Defendants. Furthermore, Bazzi has faced financial hardship as his business ties continue to distance themselves from him and his companies in order to mitigate their own sanctions risk.

34. As a result of OFAC's allegations and designation, Bazzi has been effectively barred from accessing his own funds; has been forced to relinquish his interests in his lifelong businesses, including Global Trading Group NV which he divested from on August 8, 2018; has faced negative stigma in close business and personal relationships; and credibly fears that he became a target of Hizballah immediately after OFAC's announcement of the designation.

**CAUSES OF ACTION**

**COUNT I**

DEFENDANTS' RELIANCE ON HISTORICAL CONDUCT TO
DESIGNATE BAZZI UNDER E.O. 13224 IS ARBITRARY, CAPRICIOUS, AN ABUSE OF
DISCRETION, AND OTHERWISE NOT IN ACCORDANCE WITH LAW

35. Bazzi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

36. Defendants' designation of Bazzi pursuant to E.O. 13224 constitutes final agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. This is because Defendants' conclusion that Bazzi meets the criteria for designation is based on historical conduct that does not satisfy the designation criteria of E.O. 13224—regardless of which section OFAC relied upon—as the criteria requires that any sanctionable conduct be ongoing in nature.

37. Defendants have knowledge that the alleged conduct by Bazzi that could in any way implicate E.O. 13224 ceased five or more years ago.

38.     In designating Bazzi under E.O. 13224, Defendants improperly and solely relied on historical information.  Thus, the designation was arbitrary and capricious, made in abuse of OFAC's discretion, and was otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). Therefore, Bazzi's designation was made in violation of the APA and should be set aside by this Court.

## COUNT II

### DEFENDANTS' USE OF IRRELEVANT, IMMATERIAL, OR UNDULY REPETITIOUS EVIDENCE TO DESIGNATE BAZZI UNDER E.O. 13224 VIOLATES THE APA

39.     Bazzi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

40.     Defendants' designation of Bazzi under E.O. 13224 constitutes final agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  Further, the Defendants' designation of Bazzi was in excess of statutory jurisdiction, authority, or limitations, or short of statutory right because the evidence relied upon was irrelevant, immaterial, or unduly repetitious to the criteria of either Section 1(c) or 1(d) of E.O. 13224, in violation of 5 U.S.C. § 556(d).

41.     Defendants' reliance on irrelevant, immaterial, and/or unduly repetitious evidence constitutes a violation of the APA and should be jointly or severally set aside by this Court.

## COUNT III

### DEFENDANTS' DESIGNATION OF BAZZI UNDER E.O. 13224 IS NOT SUPPORTED BY OR IN ACCORDANCE WITH RELIABLE, PROBATIVE, OR SUBSTANTIAL EVIDENCE, AND VIOLATES THE APA

42.     Bazzi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

43. Defendants' designation of Bazzi under E.O. 13224 constitutes final agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and/or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right because it was not supported by or in accordance with reliable, probative, or substantial evidence in violation of 5 U.S.C. § 556(d).

44. Defendants' actions, findings, and conclusions based on that evidence therefore violate the APA and should be jointly or severally set aside by this Court.

### COUNT IV

### DEFENDANTS' CONFLATION OF THE CRITERIA FOR DESIGNATION WITHIN E.O. 13224 AND OTHER OFAC-ADMINISTERED SANCTIONS AUTHORITIES VIOLATES THE APA

45. Bazzi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

46. Defendants' conflation of the criteria for designation under E.O. 13224 with the criteria of other OFAC sanctions programs in an effort to substantiate Bazzi's designation is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

47. Defendants' May 17, 2018 Press Release announcing Bazzi's designation uses language invoking the designation criteria of Section 1(d)(i) of E.O. 13224. OFAC's May 23, 2018 Federal Register Notice of Bazzi's designation, however, says he was designated under Section 1(c) of E.O. 13224 "for acting for or on behalf of HIZBALLAH, an entity determined to be subject to E.O. 13224."

48. Furthermore, Defendants' reliance on conduct that has no rational connection to any of E.O. 13224's designation criteria—specifically, alleged remote past dealings by Bazzi with

persons sanctioned under different OFAC-administered programs—falls outside the scope of any basis for designation under E.O. 13224.

49. Defendants' conflation of separate and distinct legal authorities in order to uphold its designation of Bazzi as a SDGT constitutes a violation of the APA and should be set aside by this Court.

## COUNT V

### DEFENDANTS' DESIGNATION OF BAZZI WAS ARBITARY, CAPRICIOUS, AN ABUSE OF DISCRETION, AND NOT OTHERWISE IN ACCORDANCE WITH LAW, AND VIOLATES THE APA

50. Bazzi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

51. Defendants' designation of Bazzi under E.O. 13224 was a final agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

52. Defendants' actions therefore constitute a violation of the APA and should be set aside by this Court.

## COUNT VI

### DEFENDANTS' FAILURE TO PROVIDE BAZZI SUFFICIENT NOTICE OF THE BASIS FOR HIS DESIGNATION UNDER E.O. 13224 VIOLATES THE APA

53. Bazzi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

54. Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or without observance of procedure required by law, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

55. Post-deprivation due process requires sufficient notice to be given to an aggrieved party. Accordingly, Defendants were required to provide Bazzi with sufficient notice of the allegations against him in support of his designation so that he has the opportunity to meaningfully respond.

56. Defendants have not provided sufficient notice as to the specific criteria of E.O. 13224 that they relied upon for Bazzi's designation. Bazzi remains unaware of exactly which designation criteria in E.O. 13224 was relied upon to designate him, as Defendants relied upon two separate and distinct bases for designation in their Press Release and the Federal Register Notice of the designation action.

57. Defendant's failure to provide Bazzi with adequate and fair notice of the basis underlying his designation under E.O. 13224 is in violation of the APA.

## RELIEF REQUESTED

WHEREFORE, Bazzi respectfully requests that this Court:

A. Review all material that OFAC relied upon—including classified and law enforcement privileged information—in designating Bazzi;

B. Declare Defendants' reliance on irrelevant, immaterial, non-reliable, non-probative, or non-substantial evidence to designate Bazzi as unlawful under the APA, and jointly or severally set aside that evidence;

C. Declare that Defendants' failed to provide sufficient notice under the APA, and order them to do so;

D. Declare unlawful and set aside any agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and jointly or severally set aside those actions, findings, and/or conclusions;

E. Declare unlawful and set aside any agency action, findings, and conclusions found to be in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, and jointly or severally set aside those actions, findings, and/or conclusions;

F. Declare Bazzi's designation unlawful under the APA;

G. Declare and/or order Defendants to rescind Bazzi's designation under E.O. 13224 and remove his name from OFAC's SDN List;

H. Vacate the designation of Bazzi as a SDGT;

I. Grant an award to Bazzi of his costs and attorneys' fees incurred in this action; and

J. Award Bazzi any other further relief as the Court may deem just and proper.

Dated:  February 26, 2019

Respectfully submitted,

/s/ Erich C. Ferrari, Esq.
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Attorney for Plaintiff*
*Mohammad Ibrahim Bazzi*