**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MOHAMMAD IBRAHIM BAZZI, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|    v. ) | |
| ) | Civil Action No. 1:19-cv-00484 (RM) |
| ANDREA M. GACKI, in her official ) | |
| Capacity as Director of the U.S. ) | |
| Department of the Treasury Office of ) | |
| Foreign Assets Control, ) | |
| ) | |
| and ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| THE TREASURY, OFFICE OF FOREIGN ) | |
| ASSETS CONTROL, ) | |
| ) | |
|    Defendants. ) | |
| ) | |

## ANSWER

Defendants, through their undersigned attorneys, hereby answer the introductory paragraph, separately numbered paragraphs, and prayer for relief contained in the Complaint ("Complaint") filed by Plaintiff as follows:

The allegations in the first unnumbered paragraph of Plaintiff's Complaint consist of Plaintiff's characterization of this action, to which no response is required.

1.     The allegations in the first sentence of paragraph 1 consist of legal conclusions and Plaintiff's characterization of this action, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.  Defendants admit the allegations in the second sentence of paragraph 1 to the extent that Plaintiff was added to the Specially Designated Nationals and Blocked Persons List ("SDN List").

2.      The allegations in paragraph 2 consist of legal argument and legal conclusions, to which no response is required.  Defendants further avert that how something may "seem" is not a factual allegation.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 2.

3.      The allegations in the first and second sentence of paragraph 3 consist of Plaintiffs' description of a May 17, 2018 press release and a May 23, 2018 Federal Register Notice.  Defendants respectfully refer the Court to that press release and Federal Register Notice and deny any allegation that is inconsistent with that press release and Federal Register Notice. Defendants further aver that OFAC updated the Federal Register Notice for the entry of Plaintiff on OFAC's SDN List in order to clarify the basis for his designation as section 1(d)(i) of Executive Order ("EO") 13224.  *See* 84 Fed. Reg. 16567.  The allegations in the third sentence consist of a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

4.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in the first sentence of paragraph 4.  The allegations in the second sentence consist of Plaintiff's legal arguments and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.  Defendants can neither confirm nor deny the allegations in the third sentence of paragraph 4 without revealing or tending to reveal classified information or information that is otherwise protected from disclosure by privilege or law.

5.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6.      Defendants admit the allegations in the first sentence of paragraph 6 to the extent that a goal of U.S. sanctions is to bring about positive changes in behavior.  The allegations in the second sentence consist of Plaintiff's legal arguments and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

7.      The allegations in paragraph 7 consist of Plaintiff's characterization of this action as well as Plaintiff's legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations and deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

8.      The allegations in the first sentence of paragraph 8 consist of Plaintiff's description of this action, to which no response is required.  The allegations in the second sentence of paragraph 8 consist of legal conclusions, to which no response is required.

9.      The allegations in paragraph 9 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

10.     The allegations in paragraph 10 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants admit that venue in this District is proper.

11.     Defendants admit the allegation in the first sentence in paragraph 11 to the extent that Plaintiff is a citizen of Lebanon.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in second sentence in paragraph 11.

12.     Defendants admit the allegations in paragraph 12.

13. Defendants admit the allegations in the first three sentences of paragraph 13 to the extent that OFAC is an administrative agency of the United States within the meaning of 5 U.S.C. § 552(f)(1), that OFAC's office is located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington, DC 20220, that the United States Department of the Treasury is an agency responsible for maintaining financial and economic security of the United States, and that OFAC is a component of the United States Department of the Treasury. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in the fourth sentence of paragraph 13 due to the vagueness of the allegations. Defendants admit the allegations in the fifth sentence of paragraph 13 to the extent that OFAC, in consultation with the Secretary of State and the Attorney General, designated Plaintiff under EO 13224 and placed him on the SDN List.

14. Defendants admit the allegations in the first sentence of paragraph 14. The allegations in the second sentence of paragraph 14 consist of Plaintiff's description of this action, to which no response is required. To the extent a response is deemed required, Defendants admit the allegations in the second sentence.

15. Defendants admit the allegations in the first sentence of paragraph 15 to the extent that Treasury issued a press release on May 17, 2018. The remaining allegations in the first sentence consist of Plaintiff's description of and quotation from that press release. Defendants respectfully refer the Court to that press release and deny any allegation that is inconsistent with that press release. The allegations in the second sentence consist of Plaintiff's characterization of the May 17, 2018 press release and EO 13224, Section 1(d), to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to that press release and EO and deny any allegation that is inconsistent with that press release and EO.

Defendants admit the allegations in the third sentence to the extent that Plaintiff was added to the

SDN List on May 17, 2018 with the "SDGT" identifier.

16.     Defendants admit the allegations in the first sentence of paragraph 16 to the extent

that OFAC published a Federal Register Notice of Plaintiff's designation on May 23, 2018.  The

remaining allegations in the first sentence consist of Plaintiff's characterization of that notice, to

which no response is required.  To the extent a response is deemed required, Defendants

respectfully refer the Court to that Federal Register Notice and deny any allegation that is

inconsistent with that Federal Register Notice.  The allegations in the second sentence of

paragraph 16 consist of Plaintiff's description of and quotation from the Federal Register Notice.

Defendants respectfully refer the Court to that Federal Register Notice and deny any allegation

that is inconsistent with that notice.  Defendants further aver that OFAC updated the Federal

Register Notice for the entry of Plaintiff on OFAC's SDN List in order to clarify the basis for his

designation as section 1(d)(i) of EO 13224.  *See* 84 Fed. Reg. 16567.

17.     Defendants deny the allegations in the first sentence of paragraph 17.  Defendants

further aver that OFAC updated the Federal Register Notice for the entry of Plaintiff on OFAC's

SDN List in order to clarify the basis for his designation as section 1(d)(i) of EO 13224.  *See* 84

Fed. Reg. 16567.  The allegations in the second sentence of paragraph 17 consist of Plaintiff's

legal argument and legal conclusions, to which no response is required.  To the extent a response

is deemed required, Defendants deny those allegations.

18.     The allegations in paragraph 18 consist of Plaintiff's legal argument and legal

conclusions, to which no response is required.  To the extent a response is deemed required,

Defendants deny those allegations.

19.     The allegations in paragraph 19 consist of Plaintiff's characterization of, quotation from, and legal argument regarding the May 17, 2018 press release, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to that press release and deny any allegations that are inconsistent with that press release.

20.     The allegations in the first sentence of paragraph 20 consist of Plaintiff's description of the May 17, 2018 press release.  Defendants respectfully refer the Court to that press release and deny any allegations that are inconsistent with that press release.  The allegations in the second sentence of paragraph 20 consist of Plaintiff's legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

21.     Defendants can neither confirm nor deny the allegations in the first two sentences of paragraph 21 without revealing or tending to reveal classified information or information that is otherwise protected from disclosure by privilege or law.  The allegations in the third sentence of paragraph 21 consist of legal arguments and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny these allegations.

22.     Defendants admit the allegations in the first sentence to the extent that that the cited press release and Federal Register Notice constitute OFAC's publicly available explanation for his designation before this lawsuit was filed.  Defendants aver that OFAC updated the Federal Register Notice for the entry of Plaintiff on OFAC's SDN List in order to clarify the basis for his designation as section 1(d)(i) of EO 13224.  *See* 84 Fed. Reg. 16567.  Defendants admit the allegations in the second sentence to the extent that they have not provided Plaintiff with the administrative record underlying Plaintiff's designation, and further aver that Plaintiff

neither asked for a copy of the administrative record nor requested reconsideration of his designation before filing this lawsuit.

23.     The allegations in the first clause of the sentence in paragraph 23 consist of legal arguments and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.  Defendants can neither confirm nor deny the remaining allegations in the sentence without revealing or tending to reveal classified information or information that is otherwise protected from disclosure by privilege or law.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 regarding Plaintiff's beliefs.  Defendants deny the allegations paragraph 24 to the extent they suggest the agency lacked a sufficient basis for Plaintiff's designation.

25.     The allegations in the first sentence in paragraph 25 consist of Plaintiff's characterization about the administrative record, which the agency has not compiled and certified.  Defendants deny these allegations to the extent they suggest the agency lacked a sufficient basis for Plaintiff's designation.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.  Plaintiff's allegations in the third sentence consist of Plaintiff's legal argument, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in first clause of the sentence in paragraph 26 regarding the beliefs of unspecified persons.  Defendants can neither confirm nor deny the remaining allegations in the first clause of the sentence without revealing or tending to reveal classified information or information that is otherwise protected from disclosure by privilege or law.  Defendants admit

the allegations in the second clause of the sentence to the extent that Abdallah Safi-Al-Din was

designated on May 17, 2018, that Ali Charara was designated on January 7, 2016, and that

Adham Tabaja was designated on June 10, 2015.

27.     The allegations in paragraph 27 consist of Plaintiff's description of the May 17,

2018 press release.  Defendants respectfully refer the Court to that press release and deny any

allegations that are inconsistent with that press release.

28.     The allegations in paragraph 28 consist of Plaintiff's description of the May 17,

2018 press release.  Defendants respectfully refer the Court to that press release and deny any

allegations that are inconsistent with that press release.

29.     The allegations in in paragraph 29 consist of Plaintiff's legal arguments and legal

conclusions, to which no response is required.  To the extent a response is deemed required,

Defendants deny those allegations.

30.     The allegations in the first sentence of paragraph 30 consist of Plaintiff's

characterization of Defendant's actions and legal argument, to which no response is required.  To

the extent a response is required, Defendants deny those allegations.  The allegations in the

second sentence of paragraph 30 consist of Plaintiff's description of and a quotation from the

May 17, 2018 press release.  Defendants respectfully refer the Court to that press release and

deny any allegations that are inconsistent with that press release.  Plaintiff's allegations in the

third sentence consist of Plaintiff's legal argument and legal conclusions, to which no response is

required.  To the extent a response is deemed required, Defendants deny those allegations.

31.     The allegations in the first sentence of paragraph 31 consist of Plaintiff's legal

argument and characterization of the May 17, 2018 press release, to which no response is

required.  To the extent a response is deemed required, Defendants deny those allegations.  The

allegations in the second and third sentence of paragraph 31 consist of Plaintiff's legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

32.     Defendants admit the allegations in the first sentence of paragraph 32 to the extent that Plaintiff's designation resulted in the blocking of all of Plaintiff's property and interests in property located within U.S. jurisdiction and prohibits U.S. persons from engaging in transactions or dealings with him.  Defendants deny the allegations in the second sentence of paragraph 32, except to admit that foreign financial institutions and persons who transact with Plaintiff are exposed to sanctions risk for those dealings.

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

35.     Defendants hereby incorporate their responses to all preceding paragraphs of the Complaint by reference.

36.     The allegations in paragraph 36 consist of Plaintiff's legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

37.     Defendants deny the allegations in paragraph 37.

38.     The allegations in paragraph 38 consist of Plaintiff's legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations and deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

39.     Defendants hereby incorporate their responses to all preceding paragraphs of the Complaint by reference.

40.     The allegations in paragraph 40 consist of Plaintiff's legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

41.     The allegations in paragraph 41 consist of Plaintiff's legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations and deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

42.     Defendants hereby incorporate their responses to all preceding paragraphs of the Complaint by reference.

43.     The allegations in paragraph 43 consist of Plaintiff's legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

44.     The allegations in paragraph 44 consist of Plaintiff's legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations and deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

45.     Defendants hereby incorporate their responses to all preceding paragraphs of the Complaint by reference.

46.     The allegations in paragraph 46 consist of Plaintiff's legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

47.     The allegations in the first sentence of paragraph 47 consist of Plaintiff's characterization of the May 17, 2018 press release and EO 13224.  Defendants respectfully refer the Court to that press release and EO and deny any allegations that are inconsistent with that press release and EO.  The allegations in the second sentence of paragraph 47 consist of Plaintiff's description of the May 23, 2018 Federal Register Notice.  Defendants respectfully refer the Court to that federal Register Notice and deny any allegations inconsistent with that notice.  Defendants further aver that OFAC updated the Federal Register Notice for the entry of Plaintiff on OFAC's SDN list in order to clarify the basis for his designation as section 1(d)(i) of EO 13224.  *See* 84 Fed. Reg. 16567.

48.     The allegations in paragraph 48 consist of Plaintiff's legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

49.     The allegations in paragraph 49 consist of Plaintiff's legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations and deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

50.     Defendants hereby incorporate their responses to all preceding paragraphs of the Complaint by reference.

51.     The allegations in paragraph 51 consist of Plaintiff's legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

52.     The allegations in paragraph 52 consist of Plaintiff's legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required,

Defendants deny those allegations and deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

53.     Defendants hereby incorporate their responses to all preceding paragraphs of the Complaint by reference.

54.     The allegations in paragraph 54 consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 54 to the extent that they suggest Defendants violated 5 U.S.C. §§ 706(2)(A) and (D).

55.     The allegations in first sentence of paragraph 55 consist of a legal conclusion, to which no response is required.  The allegations in the second sentence consist of Plaintiff's legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

56.     The allegations in the first sentence of paragraph 56 consist of Plaintiff's legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 56 regarding Plaintiffs' awareness.  The remaining allegations in the second sentence of paragraph 56 consist of Plaintiff's characterization of a May 17, 2018 press release and May 23, 2018 Federal Register Notice, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations except to admit that the May 17, 2018 press release and May 23, 2018 Federal Register Notice indicate bases for designation.  Defendants aver that OFAC updated the Federal Register Notice for the entry of Plaintiff on OFAC's SDN list in order to clarify the basis for his designation as section 1(d)(i) of EO 13224.  *See* 84 Fed. Reg. 16567.

57.     The allegations in paragraph 57 consist of Plaintiff's legal argument and legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny those allegations.

The remaining unnumbered paragraphs constitute a prayer for relief to which no answer is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

Defendants hereby deny all allegations in Plaintiff's Complaint not expressly admitted or denied.

### DEFENSE

1.     To the extent that any of Plaintiff's claims rely on constitutionally protected interests or applicable case law, such authorities do not apply to Plaintiff.

WHEREFORE, having fully answered, Defendants pray that:

1.     This Court enter judgment for Defendants and dismiss this action with prejudice; and

2.     Defendants be granted such further relief as the Court may deem just and proper.

Dated: May 13, 2019          Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

DIANE KELLEHER
Assistant Director, Federal Programs Branch

/s/ Kevin M. Snell
KEVIN M. SNELL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW

Washington, D.C.  20005
Tel.: (202) 305-0924
Fax: (202) 616-8460
E-mail:  Kevin.Snell@usdoj.gov

*Attorneys for Defendants*