**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MOHAMMAD IBRAHIM BAZZI**<br>    Rue Francois El Hajj<br>    Park Palace Building<br>    5th Floor, Bar Idriss<br>    Beirut, Lebanon<br><br>                        *Plaintiff,*<br><br>v.<br><br>**ANDREA M. GACKI**<br>**in her official capacity as**<br>    **Director of the United States**<br>    **Department of the Treasury**<br>    **Office of Foreign Assets Control**<br>    1500 Pennsylvania Avenue, NW<br>    Freedman's Bank Building<br>    Washington, D.C. 20220<br><br>                        *Defendant,*<br><br>and<br><br>**THE UNITED STATES DEPARTMENT**<br>**OF THE TREASURY, OFFICE OF FOREIGN**<br>**ASSETS CONTROL**<br>    1500 Pennsylvania Avenue, NW<br>    Freedman's Bank Building<br>    Washington, D.C. 20220<br><br>                        *Defendant.* | Civil Action No. 1:19-cv-00484 (RDM)<br><br>**AMENDED COMPLAINT**<br><br>ECF |

Plaintiff Mohammad Ibrahim Bazzi (hereinafter referred to as "Bazzi") brings this Amended Complaint for Declaratory and Injunctive Relief against Defendants the United States

Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, and in support of his amended complaint[1] alleges the following:

## NATURE OF THE CASE

1. This lawsuit seeks the Court's intervention to order Defendants to provide adequate notice for their May 17, 2018 designation of Bazzi as a "Specially Designated Global Terrorist" ("SDGT") pursuant to Executive Order ("E.O.") 13224. That designation resulted in Bazzi's name being added to OFAC's Specially Designated Nationals and Blocked Persons List ("SDN List").

2. Pursuant to a Joint Motion for Scheduling Order granted by this Court, on June 12, 2019 Defendants transmitted to Bazzi's counsel the administrative record compiled in support of their action to designate Bazzi. The disclosed administrative record was contained a heavily redacted Evidentiary Memorandum, an unclassified summary of the evidence purportedly summarizing the redacted information contained in the Evidentiary Memorandum, and a copy of a May 17, 2018 press release announcing Bazzi's designation.

3. OFAC's reasoning and evidence in the "Basis for Determination" section of the Evidentiary Memorandum is almost entirely redacted. *See* A.R. 0020-0022. This includes certain portions and corresponding exhibits of that section that are marked unclassified yet redacted. *See e.g. Id.* at Note 8-9, 11, 15. There is no evidence disclosed in the redacted Evidentiary Memorandum to support OFAC's determination to designate Bazzi under Section 1(d)(i) of E.O. 13224—i.e. no statement of reasons Defendants may have had to believe that Bazzi "…assists in, sponsors, or provides financial, material, or technological support for, or financial or other services to or in support of HIZBALLAH." A.R. 0016 and 0018.

---

[1] A redlined comparison of the amended pleadings is attached as an exhibit pursuant to the Court's Standing Order in Civil Cases.

4.     The unclassified summary is limited to conclusory statements alleging that Bazzi has engaged in dealings with Hizballah and other SDGT designated persons, and otherwise provides scant information in support of the designation criteria in Section 1(d)(i) of E.O. 13224.

5.     OFAC has not taken reasonable steps to limit the unfairness to Bazzi arising from its heavy reliance on classified and otherwise privileged materials. Thus, Bazzi continues to be deprived of adequate notice as to the basis of his designation. Bazzi therefore appeals to this honorable Court to order Defendants to provide adequate notice as to the basis of his May 17, 2018 designation, that is due him as a matter of law.

**JURISDICTION AND VENUE**

6.     This action arises under the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

7.     This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. Rule 57.  This Court may grant injunctive relief in accordance with Fed. R. Civ. P. Rule 65.

8.     Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b) and (e), as the Defendants reside in this District.

**THE PARTIES**

9.     Mohammad Ibrahim Bazzi is and was at all times relevant herein a citizen of Lebanon.  Bazzi currently resides at Rue Francois El Hajj, Park Palace Building, 5th Floor, Bar Idriss, Beirut, Lebanon.

10.     On May 17, 2018, Bazzi was designated as a SDGT under E.O. 13224 and his name was added to the SDN List.

11.     Defendant OFAC is a federal administrative agency of the United States Department of the Treasury, located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220.  The United States Department of the Treasury is responsible for maintaining the financial and economic security of the United States.  The United States Department of the Treasury is also responsible for overseeing various agencies, including OFAC.  OFAC is responsible for maintaining and administering the SDN List, including by placing persons on and removing persons from the SDN List consistent with E.O. 13224 and the implementing regulations located at 31 C.F.R. Parts 501 and 594, the "Reporting, Procedures and Penalties Regulations" and the "Global Terrorism Sanctions Regulations," respectively.  OFAC was responsible for designating Bazzi under E.O. 13224.

12.     Defendant Andrea M. Gacki is the Director of OFAC.  Ms. Gacki is sued in her official capacity.

**FACTUAL ALLEGATIONS**

13.     On May 17, 2018, Defendants issued a press release alleging that Bazzi was designated as a SDGT under E.O. 13224 for "assisting in, sponsoring, or providing financial, material, or technological support for, or financial or other services to or in support of, Hizballah." A.R. 0002-0010.  That language reflects the designation criteria found in E.O. 13224, Section 1(d).  On the same day, Bazzi was added to the SDN List with the "[SDGT]" identifier. *See* A.R. 0014.

14.     Approximately one week later, on May 23, 2018, OFAC published a Federal Register Notice of Bazzi's designation that provided a separate and distinct basis of designation from that found in Defendants' Press Release.  The Federal Register Notice indicated that Bazzi

4

was designated under E.O. 13224, Section 1(c) for "acting for or on behalf of HIZBALLAH, an entity determined to be subject to E.O. 13224." *See* A.R. 0014-0015 (83 Fed. Reg. 23,997-23,998).

15. On April 19, 2019, after Bazzi filed his prior complaint in the instant matter, OFAC published a new Federal Register Notice updating Bazzi's entry on OFAC's SDN List to clarify that his designation was imposed under Section 1(d)(i) of E.O. 13224. *See* A.R. 0016 (84 Fed. Reg. 16,567).

16. OFAC's administrative record relating to Bazzi's designation was comprised in part of an Evidentiary Memorandum and unclassified summary. The only unredacted portions of the Evidentiary Memorandum's Basis for Determination section were Bazzi's full name and a restatement of the designation criteria of Section 1(d)(i) of E.O. 13224. As the remaining portions of that section are redacted, the Evidentiary Memorandum does not provide any of the reasons on which Defendants' based their conclusion that Bazzi's conduct has satisfied the designation criteria of Section 1(d)(i) of E.O. 13224. *See* A.R. 0020-0022.

17. Furthermore, certain portions of the Evidentiary Memorandum that are marked "(U)"—*i.e.* unclassified—are also redacted. *See* A.R. 0020-0022 at Note 8-9, 11, 15; *See also* A.R. 0027-0029 at Exhibits 2, 6, 9, 17, 21, and 40.

18. The unclassified summary portion of the administrative record consists of six brief paragraphs, half of which—*i.e.* paragraphs 1, 5, and 6—parallel the conclusory allegations that OFAC made in its May 17, 2018 press release. *See* A.R. 0001; *Compare with* A.R. 0002-0010 (Defendants' Press Release of May 17, 2018).

19. The remaining paragraphs—i.e. paragraphs 2, 3, and 4—of that unclassified summary are also limited to conclusory statements alleging that Bazzi has engaged in dealing with

Hizballah and/or other SDGT persons designated for their purported Hizballah affiliation, and otherwise provide conclusory allegations regarding such dealings.

20. Defendants' press release and the unclassified summary both indicate, with mirroring language, that Bazzi's designation is premised on the allegation that Bazzi is a "key Hizballah financier who has provided Hizballah financial assistance for many years and has provided millions of dollars to Hizballah generated from his business activities." *See* A.R. 0002-0010; *Compare with* A.R. 0001. Neither the press release nor the unclassified summary, however, identifies any reasoning to establish how OFAC arrived at that conclusion or how he provided "millions of dollars" to Hizballah.

21. The unclassified summary and press release allege that Bazzi facilitated, collaborated, engaged in, or was otherwise involved in business or financial relations with SDGTs and/or Hizballah—*e.g.* Adham Tabaja and Ali Youssef Sharara—between 2010 to early 2017. These records, however, do not provide any details as to the nature of those business or financial relations. Further, they do not indicate how those conclusory allegations support the premise that he is a Hizballah financier, how he provided "millions of dollars" to Hizballah, or how it satisfies the designation criteria in Section 1(d)(i) of E.O. 13224. *See* A.R. 0001-0010.

22. For example, the third paragraph of the unclassified summary alleges that "[a]s of early 2017, Bazzi and Ali Sharara utilized The Gambia to transfer funds to Hizballah." A.R. 0001. This conclusory statement provides no details of any kind whatsoever regarding the how the Gambia was used by Bazzi, what was Bazzi's involvement in the transfer of funds, nor an explanation of how a country could be used to send funds.

23. Further, the fourth paragraph of the unclassified summary alleges that "Sharara and Bazzi operated several joint businesses in The Gambia, including Spectrum Investment Group

6

S.A.L Holding and Euro Africa Group." A.R. 0001. This conclusory statement, however, provides no detail as to the nature or manner of those operations, when those operations occurred, nor how any purported joint operations relate to the designation criteria of Section 1(d)(i) of E.O. 13224.

24. Further, the disclosed record fails to establish how the allegations found in the Additional Information section of the Evidentiary Memorandum relate to or support Bazzi's designation. The Additional Information section alleges that Bazzi has relations to persons designated under separate and distinct sanctions programs administered by OFAC—*i.e.* Yahya Jammeh designated pursuant to E.O. 13818, or the Joumaa Drug Trafficking and Money Laundering Organization and Ali Kharroubi designated pursuant to the Foreign Narcotics Kingpin Designation Act. It does not, however, provide any reasoning to establish why or how OFAC concluded that Bazzi is a Hizballah financier, how he provided "millions of dollars" to Hizballah, or how it is connected to the designation criteria in Section 1(d)(i) of E.O. 13224. *See* A.R. 0022-0026 (Additional Information section); *See also* A.R. 0001 and 0005. The information in the Additional Information section was only included for purposes of denigrating Bazzi in OFAC's press release and plays no supporting role as to the basis of his designation.

25. The disclosed administrative record constitutes inadequate notice and deprives Bazzi a meaningful opportunity to respond, rebut, or otherwise correct the allegations relied upon for his designation through OFAC's administrative reconsideration process that OFAC. 31 C.F.R. § 501.807.

**CAUSES OF ACTION**

**COUNT I**

7

26. Bazzi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

27. In the post-deprivation context, the Fifth Amendment's Due Process Clause requires notice reasonably calculated under all the circumstances to apprise aggrieved parties of the allegations against them so that they have the opportunity to make a meaningful response.

28. Defendants are required to provide Bazzi with an understanding of the allegations supporting their designation action under Section 1(d)(i) of E.O. 13224, so that he may have the opportunity to make a meaningful response.

29. Defendants disclosed administrative record fails to provide Bazzi with an understanding of the allegations supporting their designation action.

30. Defendants have violated Bazzi's right to due process under the Fifth Amendment to the United States Constitution.

**COUNT II**

DEFENDANTS' FAILURE TO PROVIDE BAZZI SUFFICIENT NOTICE OF THE BASIS FOR HIS DESIGNATION UNDER E.O. 13224 VIOLATES THE APA

31. Bazzi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

32. Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or without observance of procedure required by law, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

33. Post-deprivation due process requires notice reasonably calculated under all the circumstances to apprise aggrieved parties of the allegations against them so that they have the opportunity to make a meaningful response.

8

34. Defendants are required to provide Bazzi with an understanding of the allegations supporting their designation action under Section 1(d)(i) of E.O. 13224, so that he may have the opportunity to make a meaningful response.

35. The disclosed administrative record fails to provide Bazzi with an understanding of the allegations supporting Defendants' designation action.

36. Defendant's failure to provide Bazzi with adequate notice of the basis underlying his designation under E.O. 13224 is in violation of the APA.

## RELIEF REQUESTED

WHEREFORE, Bazzi respectfully requests that this Court:

A. Review all material that OFAC relied upon—including classified, classified by compilation, and otherwise privileged information—in designating Bazzi;

B. Declare Defendants' reliance on irrelevant, immaterial, or unduly repetitious evidence, within the redacted portions of the administrative record, as unlawful under the APA, and jointly or severally set aside that evidence;

C. Order Defendants to adequately explain why all redacted portions of the administrative record—including classified, classified by compilation, and otherwise privileged information—lawfully fall within the scope of those categories;

D. Declare that Defendants' failed to provide sufficient notice under the U.S. Constitution, and order them to do so;

E. Declare that Defendants' failed to provide sufficient notice under the APA, and order them to do so;

F. Grant an award to Bazzi of his costs and attorneys' fees incurred in this action; and

9

G. Award Bazzi any other further relief as the Court may deem just and proper.

Dated: July 12, 2019

                        Respectfully submitted,

                        /s/ Erich C. Ferrari, Esq.
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Attorney for Plaintiff*
*Mohammad Ibrahim Bazzi*

| Page 7: [1] Deleted | Plaintiff | 7/12/19 1:49:00 PM |
| Page 7: [2] Deleted | Plaintiff | 7/12/19 1:49:00 PM |
| Page 8: [3] Deleted | Plaintiff | 7/12/19 1:49:00 PM |
| Page 8: [4] Deleted | Plaintiff | 7/12/19 1:49:00 PM |

1.

2.