# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MOHAMMAD IBRAHIM BAZZI** <br>     Rue Francois El Hajj <br>     Park Palace Building <br>     5th Floor, Bar Idriss <br>     Beirut, Lebanon <br><br>                       *Plaintiff,* <br><br> v. <br><br> **ANDREA M. GACKI** <br> **in her official capacity as** <br>     **Director of the United States** <br>     **Department of the Treasury** <br>     **Office of Foreign Assets Control** <br>     1500 Pennsylvania Avenue, NW <br>     Freedman's Bank Building <br>     Washington, D.C. 20220 <br><br>                       *Defendant,* <br><br> and <br><br> **THE UNITED STATES DEPARTMENT** <br> **OF THE TREASURY, OFFICE OF FOREIGN** <br> **ASSETS CONTROL** <br>     1500 Pennsylvania Avenue, NW <br>     Freedman's Bank Building <br>     Washington, D.C. 20220 <br><br>                       *Defendant.* | Civil Action No. 1:19-cv-00484 (RDM) <br><br><br> **SECOND AMENDED COMPLAINT** |

Plaintiff Mohammad Ibrahim Bazzi (hereinafter referred to as "Bazzi") brings this Second Amended Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its

Director, Andrea M. Gacki, and in support of his second amended complaint[1] alleges the following:

## NATURE OF THE CASE

1. This lawsuit seeks the Court's intervention to enjoin Defendants from their unlawful decision to re-designate Bazzi as a "Specially Designated Global Terrorist" ("SDGT") pursuant to Executive Order ("E.O.") 13224, as amended.

2. Bazzi was initially designated under E.O. 13224 on May 17, 2018. The press release announcing that designation states that Bazzi was designated for allegedly "assisting in, sponsoring, or providing financial, material, or technological support for, or financial or other services to or in support of Hizballah." Bazzi later challenged that designation action by filing the original Complaint in the instant matter.

3. During the course of this litigation, Defendants transmitted to Bazzi's counsel the administrative record compiled in support of their initial action to designate Bazzi. The disclosed administrative record contained a heavily redacted Evidentiary Memorandum, an unclassified summary of the evidence purportedly summarizing the redacted information contained in the Evidentiary Memorandum, and a copy of the press release announcing Bazzi's designation.

4. OFAC's reasoning and evidence in the "Basis for Determination" section of the Evidentiary Memorandum was almost entirely redacted, including certain portions and corresponding exhibits of that section that are marked unclassified yet redacted. There was no evidence disclosed in the redacted Evidentiary Memorandum to support OFAC's determination to designate Bazzi under Section 1(d)(i) of E.O. 13224—*i.e.* no statement of reasons that

---

[1] A redlined comparison of the original complaint filed in this matter is attached as an exhibit pursuant to the Court's Standing Order in Civil Cases.

Defendants may have had to believe that Bazzi assists in, sponsors, or provides financial, material, or technological support for, or financial or other services to or in support of Hizballah.

5. Further, the unclassified summary was limited to conclusory statements alleging that Bazzi had engaged in dealings with Hizballah and other SDGTs, and otherwise offered little information supporting OFAC's determination that Bazzi satisfied the designation criteria of E.O. 13224.

6. As this lawsuit proceeded, the legal authority under which Bazzi was designated—E.O. 13224—was amended on September 9, 2019, through the issuance of E.O. 13886. The amendments included, *inter alia*, a material change to the legal criteria for designation under E.O. 13224, including the criteria relied upon for Bazzi's initial designation.

7. As a result, Defendants determined that Bazzi met one of the new legal criteria for designation under the amended E.O. 13224. Accordingly, OFAC re-designated Bazzi on November 25, 2019, pursuant to E.O. 13224, as amended.

8. On December 6, 2019, Defendants transmitted to Bazzi's counsel the administrative record compiled in support of their re-designation of Bazzi. The disclosed administrative record again contained a heavily redacted Evidentiary Memorandum, an unclassified summary of the evidence purportedly summarizing the redacted information contained in the Evidentiary Memorandum, and a copy of the press release announcing Bazzi's original designation.

9. The portions of the new administrative record disclosed to Bazzi indicate that he was re-designated for allegedly having materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services to or in support of, Hizballah, a person whose property and interests in property are blocked pursuant to E.O. 13224, as amended.

Defendants therefore determined that Bazzi should remain on the OFAC's Specially Designated Nationals and Blocked Persons List ("SDN List").

10. However, OFAC's new administrative record in support of Bazzi's re-designation fails to assess the exculpatory and countervailing information in the agency's possession which rebuts OFAC's allegations of sanctionable conduct and was provided to OFAC subsequent to Bazzi's initial designation. Further, this new administrative record makes no reference to the fact that Bazzi had requested a terms of removal agreement from OFAC and that OFAC rejected his request.

11. In sum, when Defendants could no longer support Bazzi's continued designation, they re-designated him pursuant to a legal criteria that did not exist at the time of Bazzi's initial designation, and ignored the information rebutting their allegations in support of the re-designation. In other words, when the rules did not support Defendants' continued actions against Bazzi, they chose to play by different rules.

12. This renders OFAC's delisting process meaningless and permits the agency to designate Bazzi and maintain his designation in perpetuity. OFAC's stated policy is that sanctions are imposed to bring about positive changes in behavior. Defendants' reliance on evidence that is outdated, immaterial, non-probative, and historical to designate and then re-designate Bazzi under E.O. 13224, however, means that any changes in the circumstances underlying the designation are now irrelevant to OFAC. As such, Bazzi is left in a position where he would have to explain to the agency that is withholding the evidence and reasons for his designation that OFAC is wrong on the facts or he has to admit to the facts that OFAC alleged in support of the designation. If he argues the former and fails to address certain reasons for his

designation—which are being withheld by OFAC—then he remains designated. If he argues the latter, then there is a legal basis to maintain the re-designation.

13. By designating and re-designating Bazzi in this manner, Defendants have caused—and continue to cause—him irreparable harm by destroying his reputation, business interests, and financial and personal well-being. Bazzi has been forced out of his legitimate business operations and his longstanding customers and suppliers have severed ties with him because of the designation. Bazzi's personal and business accounts have been closed or frozen, directly impacting his ability to financially support himself and his family.

14. Bazzi therefore appeals to this Court to overturn and hold unlawful his designations, as Defendants' findings, conclusions, and actions in this matter are not consistent with U.S. law.

## JURISDICTION AND VENUE

15. This action arises under the United States Constitution, the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

16. This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. Rule 57. This Court may grant injunctive relief in accordance with Fed. R. Civ. P. Rule 65.

17. Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b) and (e), as this is the district in which the events giving rise to the complaint occurred and in which the Defendants reside.

## THE PARTIES

18.     Mohammad Ibrahim Bazzi is and was at all times relevant to this complaint a citizen of Lebanon.  Bazzi currently resides at Rue Francois El Hajj, Park Palace Building, 5th Floor, Bar Idriss, Beirut, Lebanon.

19.     On May 17, 2018, Bazzi was designated as a SDGT under E.O. 13224 for allegedly assisting in, sponsoring, or providing financial, material, technological support for, or financial or other services to or in support of, Hizballah, and his name was added to the SDN List.

20.     On November 25, 2019, Bazzi was re-designated under E.O. 13224, as amended, for allegedly having materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services to or in support of, Hizballah.

21.     Defendant OFAC is a federal administrative agency of the United States Department of the Treasury, located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220. OFAC is responsible for administering U.S. economic sanctions, including, *inter alia*, by designating persons under E.O. 13224, as amended, and regulating dealings with those persons through 31 C.F.R. Parts 501 and 594, the "Reporting, Procedures, and Penalties Regulations," and the "Global Terrorism Sanctions Regulations," respectively. OFAC was responsible for designating and re-designating Bazzi under E.O. 13224.

22.     Defendant Andrea M. Gacki is the Director of OFAC. Ms. Gacki is sued in her official capacity.

## FACTUAL ALLEGATIONS

### A.     OFAC Designates then Re-Designates Bazzi Under E.O. 13224

23.     On May 17, 2018, Defendants designated Bazzi as a SDGT under E.O. 13224 for allegedly "assisting in, sponsoring, or providing financial, material, or technological support for, or financial or other services to or in support of, Hizballah." Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Targets Key Hizballah Financing Network and Iranian Conduit (May 17, 2018). That language reflected the designation criteria then found in E.O. 13224, Section 1(d). On the same day, Bazzi was added to the SDN List with the "[SDGT]" identifier. *See* Notice, U.S. Dep't of Treasury, Office of Foreign Assets Control, 83 FED. REG. 23997 (May 23, 2018).

24.     Approximately one week later, on May 23, 2018, OFAC published a Federal Register Notice of Bazzi's designation that provided a separate basis of designation from that found in Defendants' press release. The Federal Register Notice indicated that Bazzi was designated under E.O. 13224, Section 1(c) for "acting for or on behalf of HIZBALLAH, an entity determined to be subject to E.O. 13224." *Id*.

25.     On April 19, 2019, after Bazzi filed his initial complaint in the instant matter, OFAC published a new Federal Register Notice updating Bazzi's entry on OFAC's SDN List to clarify that his designation was imposed under Section 1(d)(i) of E.O. 13224. *See* Notice, U.S. Dep't of Treasury, Office of Foreign Assets Control, 84 FED. REG. 16567 (May 23, 2018).

26.     On September 9, 2019, E.O. 13224—the legal authority under which Bazzi was designated—was amended while this lawsuit was in process. *See* E.O. 13886, 84 FED. REG. 48041 (Sept. 9, 2019). The amendments included, *inter alia*, a material change to the legal criteria for designation under E.O. 13224, including the criteria for Bazzi's designation. *Id*.

7

27. On November 20, 2019, Defendants through counsel advised Bazzi's counsel that there was an administrative error before this litigation began in processing two of the exhibits supporting the evidentiary memorandum, and that OFAC would therefore issue a new blocking memorandum and evidentiary memorandum with the two exhibits correctly processed.

28. Defendants then on November 25, 2019, determined that Bazzi met one of the new legal criteria for designation under amended E.O. 13224 and re-designated Bazzi pursuant to E.O. 13224, as amended.

29. On December 6, 2019, Defendants transmitted to Bazzi's counsel a heavily redacted copy of the administrative record compiled in support of their re-designation of Bazzi. The disclosed portion of the new administrative record alleges that "BAZZI has materially assisted, sponsored, or provided financial, material, or technological support for; or goods or services to or in support of, HIZBALLAH, a person whose property and interests in property are blocked pursuant to E.O. 13224, as amended, and therefore he should remain on the list of Specially Designated Nationals and Blocked Persons." Admin. Record ("A.R.") 0017.

30. The new administrative record supporting Bazzi's re-designation is very similar to the administrative record supporting his initial designation, and includes both an Evidentiary Memorandum and an unclassified summary. The only unredacted portions of the Evidentiary Memorandum's Basis for Determination section are Bazzi's full name and a restatement of the applicable designation criteria of Section 1 of E.O. 13224, as amended. As the remaining portions of that section are redacted, the Evidentiary Memorandum does not provide any of the reasons on which Defendants' based their conclusion that Bazzi's conduct has satisfied the designation criteria of Section 1 of E.O. 13224, as amended. *See* A.R. 0018-0021.

31. The unclassified summary portion of the administrative record consists of six brief paragraphs, half of which—*i.e.* paragraphs 1, 5, and 6—parallel the conclusory allegations that Defendants made in their May 17, 2018 press release. *See* A.R. 0001; *Compare with* A.R. 0002-0010.

32. The remaining paragraphs—*i.e.* paragraphs 2, 3, and 4—of that unclassified summary are also limited to conclusory statements alleging that Bazzi has engaged in dealing with Hizballah and/or other SDGT persons designated for their purported Hizballah affiliation, and otherwise provide conclusory allegations regarding such dealings. *See* A.R. 0001.

33. Defendants' press release and the unclassified summary both indicate, in mirrored language, that Bazzi's re-designation is premised on the allegation that Bazzi is a "key Hizballah financier who has provided Hizballah financial assistance for many years and has provided millions of dollars to Hizballah generated from his business activities." *See* A.R. 0002-0010; *Compare with* A.R. 0001. Neither the press release nor the unclassified summary, however, identify any reasoning to establish how OFAC arrived at that conclusion or how he provided "millions of dollars" to Hizballah.

34. The unclassified summary and press release allege that Bazzi facilitated, collaborated, engaged in, or was otherwise involved in business or financial relations with SDGTs or Hizballah—including Adham Tabaja and Ali Youssef Sharara—between 2010 and early 2017. These allegations, however, do not provide any details as to the nature of those business or financial relations. Further, Defendants do not explain how those conclusory allegations show that he is a Hizballah financier or how he provided "millions of dollars" to Hizballah. *See* A.R. 0001-0010.

35. For example, the third paragraph of the unclassified summary alleges that "[a]s of early 2017, Bazzi and Ali Sharara utilized The Gambia to transfer funds to Hizballah." A.R. 0001. This conclusory statement provides no details explaining how The Gambia was used by Bazzi, the nature of Bazzi's involvement in the transfer of funds, nor how a country, much less that country, is used to transfer funds.

36. Further, the fourth paragraph of the unclassified summary alleges that "Sharara and Bazzi operated several joint businesses in The Gambia, including Spectrum Investment Group S.A.L Holding and Euro Africa Group." A.R. 0001. This conclusory statement, however, provides no detail as to the nature or manner of those operations, when those operations occurred, nor how any purported joint operations relate to the designation criteria of Section 1 of E.O. 13224, as amended.

### B.  Defendants Rely Upon Historical and Immaterial Conduct

37. Notwithstanding the fact that Defendants do not provide any of the reasoning upon which they based their conclusion that Bazzi's conduct has satisfied the designation criteria of Section 1 of E.O. 13224, as amended, Defendants are also aware that the conduct that they relied upon to designate and then re-designate Bazzi was highly exaggerated and has since ceased.

38. Indeed, counsel for Bazzi met with OFAC on November 29, 2018, to discuss Bazzi's case and request a terms of removal agreement—*i.e.*, an agreement by which Bazzi would undertake certain steps to negate the basis of his designation in exchange for a delisting.

39. During that meeting, counsel for Bazzi provided OFAC information rebutting its allegations and that his relationships with persons OFAC alleged him to have engaged in sanctionable behavior with had ceased. Following the meeting, counsel for Bazzi sent a letter to

OFAC that itemized the countervailing information discussed with respect to OFAC's allegations, and re-iterated Bazzi's request for terms of removal agreement.

40. The letter, for example, noted that while Bazzi was not a "Hizballah financier," as OFAC alleges, he did have some business dealings with some of the parties that OFAC alleged he had dealt with. Specifically, Bazzi did have some dealings with Ali Sharara that had ceased long ago. Those dealings were not as OFAC has characterized them, and OFAC is aware of the cessation of those activities, as Bazzi had previously informed the agency that he has not for many years had any business relationship with Ali Sharara.

41. Likewise, the letter also addressed the other alleged relationships and activities identified in OFAC's press release as the basis for Bazzi's designation and explained why his designation should be rescinded. Specifically, it identified how OFAC has mischaracterized or misunderstood certain activities or relationships, as well as that certain activities and relationships had ceased.

42. On February 6, 2019, OFAC responded to Bazzi's letter and his request for a terms of removal agreement by indicating that OFAC would not provide Bazzi a terms of removal agreement, and that he could request reconsideration of his designation. OFAC did not provide any reasoning, rationale, or explanation as to why it would not provide Bazzi a terms of removal agreement.

43. The disclosed administrative record in support of OFAC's re-designation action fails to assess, consider, or even mention any of the exculpatory and countervailing information Bazzi provided through his counsel both in the November 29, 2018 meeting or in the follow-up letter. Nor does it make any mention of Bazzi's request for a terms of removal agreement or OFAC's denial of that request.

44. Finally, the administrative record disclosed in support of re-designation does not identify any allegations, conclusions, findings, or evidence that Bazzi engaged in any activity meeting the criteria under which he was re-designated since the amended Executive order became law. In short, Bazzi was re-sanctioned for conduct that occurred prior to such conduct being sanctionable under E.O. 13224.

### C. Impact of Defendants' Unlawful Designations

45. As a result of his designation and re-designation by Defendants, all of Bazzi's property and interests in property located within U.S. jurisdiction are blocked, and U.S. persons are generally prohibited from engaging in any transactions or dealings with him. In addition, U.S. and foreign persons that deal with Bazzi in any capacity are exposed to sanctions risk under E.O. 13224, as amended.

46. Due to the extraterritorial effects of U.S. sanctions, foreign parties have been reluctant to engage in transactions or dealings with Bazzi out of fear of retribution by Defendants. Furthermore, Bazzi continues to face financial hardship as his business ties have distanced themselves from him and his companies in order to mitigate their own sanctions risk.

47. As a result of Defendants' designations, Bazzi has been forced to relinquish his lifelong businesses interests, including Global Trading Group NV which he divested from on August 8, 2018; has faced negative stigma in close business and personal relationships; and the extraterritorial impact has caused his personal and business accounts in various countries, including his home country of Lebanon, to be "frozen" or closed as he is effectively barred from financial institutions worldwide.

48. Defendants also leveled *ad hominem* attacks against Bazzi by alleging his involvement in "savaged and depraved acts" and that he engaged in "despicable behavior." *See*

12

A.R. 0002-0010. This characterization of Bazzi by Defendants is immaterial and has no rational connection to any of the designation criteria of E.O. 13224, as amended. This language demonstrates bias and prejudice against Bazzi that would clearly impair any administrative reconsideration process before OFAC to challenge his designation.

49. In addition, Bazzi's re-designation based on Defendants' misuse of historic information, and pursuant to newly amended criteria of E.O. 13224 that allow targeting of past conduct—which did not exist at the time of the alleged conduct—show that OFAC's delisting process would be meaningless for him.

## CAUSES OF ACTION

### COUNT I

**DEFENDANTS' RE-DESIGNATION OF BAZZI UNDER E.O. 13224, AS AMENDED, CONSTITUTES ARBITRARY AND CAPRICIOUS AGENCY ACTION IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

49. Bazzi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

50. Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

51. Defendants' re-designation of Bazzi under E.O. 13224, as amended, is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in violation of the APA, as Defendants have not accounted for, assessed, or reasoned why they have discounted the exculpatory and countervailing evidence in their possession.

52. Defendants' re-designation of Bazzi under E.O. 13224, as amended, is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in violation of the

APA, as Defendants' reliance on evidence that is outdated, immaterial, non-probative, and historical to re-designate Bazzi under E.O. 13224, as amended, severely impairs Bazzi's ability to obtain a fair hearing through OFAC's reconsideration process.

## COUNT II

### DEFENDANTS' DENIAL OF BAZZI'S REQUEST FOR A TERMS OF REMOVAL AGREEMENT CONSTITUTES ARBITRARY AND CAPRICIOUS AGENCY ACTION IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

53. Bazzi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

54. Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

55. Defendants' denial of Bazzi's request for a terms of removal agreement was an agency action. Further, Defendants' denial of that request without provision of any reasoning or explanation in support of the denial decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in violation of the APA.

## COUNT III

### DEFENDANTS' RE-DESIGNATION OF BAZZI UNDER E.O. 13224, AS AMENDED, CONSTITUTES ARBITRARY AND CAPRICIOUS AGENCY ACTION IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

56. Bazzi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

57. Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

58. Defendants' re-designation of Bazzi under E.O. 13224, as amended, is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in violation of the APA, as the administrative record does not support Defendants' determination that Bazzi meet the designation criteria of Section 1 of E.O. 13224, as amended.

59. Defendants' re-designation of Bazzi under E.O. 13224, as amended, is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in violation of the APA, as Defendants rely upon allegations and findings that pre-date the existence of the legal authority under which they purport to act, and which is outdated, immaterial, non-probative to that criteria pursuant to which he was re-designated.

## COUNT IV

DEFENDANTS' FAILURE TO PROVIDE BAZZI WITH ADEQUATE NOTICE AS TO THE REASONS FOR HIS RE-DESIGNATION UNDER E.O. 13224, AS AMENDED, VIOLATES HIS DUE PROCESS RIGHTS UNDER THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION

60. Bazzi re-alleges and incorporates by reference as if fully set forth herein the allegations contained in all preceding paragraphs.

61. Bazzi has the right to petition Defendants for administrative reconsideration of his designation under the APA and OFAC's delisting procedures.

62. Under the Fifth Amendment to the U.S. Constitution, Bazzi has a due process right to adequate post-designation notice. Sufficient notice requires Defendants to apprise Bazzi as to the reasons for his re-designation so that he has a meaningful opportunity to respond to the re-designation. This should include granting Bazzi access to the administrative record underlying his re-designation; providing him with a full and sufficiently detailed statement of reasons as to the bases for his re-designation; providing him sufficiently detailed unclassified summaries in

lieu of the redacted portions of the administrative record; and/or permitting Bazzi's cleared counsel to access the full, unredacted administrative record underlying his re-designation.

63. Defendants have not provided sufficient notice to Bazzi to support their determination that meets the criteria for designation under Section 1 of E.O. 13224, as amended. Defendants have not identified all of the reasons for their decision to re-designate Bazzi under E.O. 13224, as amended, and have failed to provide sufficient notice to allow him a meaningful opportunity to rebut their allegations.

64. Defendants have failed to provide Bazzi with adequate and fair notice of the reasons for his re-designation under E.O. 13224, as amended, and thus have acted in violation of his constitutional right to due process.

## COUNT V

DEFENDANTS' FAILURE TO PROVIDE BAZZI WITH ADEQUATE NOTICE AS TO THE REASONS FOR HIS RE-DESIGNATION UNDER E.O. 13224, AS AMENDED, VIOLATES HIS DUE PROCESS RIGHTS UNDER THE ADMINISTRATIVE PROCEDURE ACT

65. Bazzi re-alleges and incorporates by reference as if fully set forth herein the allegations contained in all preceding paragraphs.

66. Courts are empowered to compel agency action that has been unlawfully withheld. 5 U.S.C. § 706(1).

67. Bazzi has the right to petition Defendants for administrative reconsideration of his designation pursuant to the APA and OFAC's delisting procedures.

68. Consistent with this right to request the administrative reconsideration of his designation, Bazzi has an administrative due process right to adequate post-designation notice. This requires Defendants to provide him with a sufficient understanding as to the reasons for his re-designation to allow Bazzi a meaningful opportunity to make use of the reconsideration

process. This includes granting Bazzi access to the administrative record underlying his re-designation; providing him with a full and sufficiently detailed statement of reasons as to the bases for his re-designation; providing him sufficiently detailed unclassified summaries in lieu of the redacted portions of the administrative record; and/or providing any alternative means to understand information critical to OFAC's decision that has been redacted from the record.

70. Defendants have failed to provide Bazzi with sufficient notice as to all the reasons for his re-designation. Because he is being denied adequate access to the factual bases for his designation—including the findings made by OFAC in support of its determination that Bazzi meets the criteria for designation under Section 1 of E.O. 13224, as amended—Defendants have violated Bazzi's administrative due process rights.

## **RELIEF REQUESTED**

WHEREFORE, Bazzi respectfully requests that this Court:

- A. Order Defendants to rescind Bazzi's re-designation under E.O. 13224, as amended, and remove his name from OFAC's SDN List;

- B. Declare that Bazzi does not meet the criteria for designation under Section 1 of E.O. 13224, as amended, or that OFAC's re-designation action is otherwise unlawful, and remand to the agency for further proceedings in light of that declaration;

- C. Order Defendants to disclose a fully and sufficiently detailed statement of reasons for their re-designation of Bazzi so as to permit him a meaningful opportunity to challenge his re-designation under E.O. 13224, as amended;

- D. Declare that OFAC has unlawfully deprived Bazzi of adequate notice as to the basis of his re-designation under E.O. 13224, as amended, and remand to the

17

agency with instructions to provide Bazzi adequate notice of the basis of that re-designation action consistent with the APA and the Fifth Amendment of the U.S. Constitution;

E.  Order Defendants to permit Bazzi's cleared counsel to review the full, unredacted administrative record underlying his re-designation under E.O. 13224, as amended;

F.  Grant an award to Bazzi of his costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.*, and any other applicable provision of law; and

G.  Award Bazzi any other and further relief as the Court may deem just and proper.

Dated:  January 10, 2020

    Respectfully submitted,

/s/ Erich C. Ferrari, Esq.
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

Attorney for Plaintiff
*Mohammad Ibrahim Bazzi*