UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOHAMMAD IBRAHIM BAZZI )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREA M. GACKI, *et al.* )<br>)<br>Defendants. )<br>) | Civil Action No. 1:19-cv-00484 (RDM) |

### PLAINTIFF'S MOTION TO COMPLETE OR, IN THE ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Plaintiff Mohammad Ibrahim Bazzi ("Bazzi") respectfully moves this Court to complete or, in the alternative, to supplement the administrative record in this matter with certain documents and/or records that had been considered by, or otherwise were before, Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, in her official capacity, at the time they re-designated Bazzi pursuant to E.O. 13224, as amended, on November 25, 2019.

On December 18, 2018, counsel for Bazzi sent a formal letter to OFAC memorializing the information that had been provided to OFAC at a November 29, 2018 meeting between the parties, including with respect to (1) Bazzi's understanding of the factual allegations that OFAC has made concerning his designation; (2) facts demonstrating a change in circumstances concerning those allegations; (3) Bazzi's cooperation and meeting history with U.S. law enforcement; and (4) Bazzi's request for a Terms of Removal agreement. Exhibit A—Letter titled "November 29, 2018 Meeting Follow Up" from Erich C. Ferrari to OFAC (Dec. 18, 2018). The letter itemized in point-by-point detail the countervailing information that had been

discussed on November 29, 2018, with respect to all the allegations about Bazzi from OFAC's press release announcing his designation. *Id.*

After considering Bazzi's request for a Terms of Removal agreement, on February 6, 2019, OFAC responded to Bazzi's counsel that it would not be providing a Terms of Removal agreement at that time. Exhibit B—Response to "November 29, 2018 Meeting Follow Up" Letter from OFAC to Erich C. Ferrari (Feb. 6, 2019). OFAC's response further noted that Bazzi could formally request administrative reconsideration of his designation, but did not provide any reasoning, rationale, or explanation as to why it would not provide him a Terms of Removal agreement. *Id*. The response letter from OFAC was captioned with OFAC Case ID SDGT-12664. *Id.*

Defendants disclosed to Bazzi's counsel, in the course of this litigation, the original administrative record compiled in support of their initial action to designate Bazzi, the contents of which were certified by Defendants in this matter. ECF No. 8. The Evidentiary Memorandum from the original administrative record was captioned with the same Case ID SDGT-12664 as the response letter from OFAC, and was cleared though some of the same agency decisionmakers. Exhibit C—Originally Disclosed Evidentiary Memorandum and Exhibit List, Admin. R. ("AR") 0017-0029.

On September 9, 2019, as this lawsuit continued, the legal authority under which Bazzi was designated—E.O. 13224—was amended. *See* E.O. 13886, 84 FED. REG. 48041 (Sept. 9, 2019). Defendants thereafter determined that Bazzi met one of the new legal criteria for designation under amended E.O. 13224 and re-designated him on November 25, 2019, pursuant to E.O. 13224, as amended. Second Am. Compl. ("SAC"), ¶ 28, ECF No. 23.

On December 6, 2019, Defendants disclosed to Bazzi's counsel an again heavily redacted copy of the new administrative record compiled in support of their re-designation of Bazzi. *Id*. ¶ 29. The disclosed portion of the new administrative record alleges that "BAZZI has materially assisted, sponsored, or provided financial, material, or technological support for; or goods or services to or in support of, HIZBALLAH, a person whose property and interests in property are blocked pursuant to E.O. 13224, as amended, and therefore he should remain on the list of Specially Designated Nationals and Blocked Persons," and includes a new Evidentiary Memorandum, but the same unclassified summary and press release. Re-Designation Admin. R. ("RAR") 0001-0026. The new Evidentiary Memorandum, which has a new Case ID SDGT-17144, and was also cleared though OFAC's Director, an Associate Director, a Deputy Associate Director, and an Assistant Director, but additional titles are now wholly redacted. RAR 0016.

The new administrative record does not consider or address Bazzi's counsel meeting with OFAC, the countervailing and exculpatory information the agency was provided information showing that the circumstances resulting in Bazzi's designation had already changed, nor the requested rescission of Bazzi's designation pursuant to a Terms of Removal, which OFAC had considered but rejected. SAC ¶ 43, ECF No. 23.

These documents and records, Exhibits A-C, are however properly part of the administrative record underlying Bazzi's re-designation under E.O. 13224, as amended, and should be included in that record if this Court is to fairly review the lawfulness of the challenged agency action. For this reason, Bazzi respectfully moves this Court for an order directing the completion or, in the alternative, supplementation of the administrative record in this matter with the requested records and documents.

In support of this motion, Bazzi relies upon the attached memorandum of points and authorities. A proposed order is also attached.

Dated:  March 20, 2020                                  Respectfully submitted,

/s/ Erich C. Ferrari, Esq.
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

Attorney for Plaintiff
*Mohammad Ibrahim Bazzi*