## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
MOHAMMAD IBRAHIM BAZZI                          )
                                                )
                              Plaintiff,         )
                                                )      Civil Action No. 1:19-cv-00484 (RDM)
                v.                              )
                                                )
ANDREA M. GACKI, *et al.*                        )
                                                )
                              Defendants.        )
_____)

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPLETE OR, IN THE ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

ARGUMENT .......................................................................................................................4

     I.     The Administrative Record Must Be Completed, or in the Alternative, Supplemented with All Documents Considered by, or Otherwise Before, OFAC When It Re-Designated Bazzi ...................................................................4

     II.    Defendants' Additional Arguments are Unavailing ............................................ 10

CONCLUSION .................................................................................................................. 16

# TABLE OF AUTHORITIES

**CASES**                                                              **PAGE(S)**

*AMFAC Resorts, L.L.C. v. U.S. Dep't of Interior*,
    143 F. Supp. 2d 7 (D.D.C. 2001) ....................................................................3, 4

*Bimini Superfast Operations LLC v. Winkowski*,
    994 F. Supp. 2d 103 (D.D.C. 2014) ..............................................................5, 6

*Citizens to Preserve Overton Park v. Volpe*,
    401 U.S. 402 (1971) ...........................................................................................4

*Envtl. Def. Fund v. Blum*,
    458 F. Supp. 650 (D.D.C. 1978) ........................................................................8

*Fort Sill Apache Tribe v. Nat'l Indian Gaming Comm'n*,
    345 F. Supp. 3d 1 (D.D.C. 2018) .......................................................................6

*Fund for Animals v. Williams*,
    391 F. Supp. 2d 191 (D.D.C. 2005) ..........................................................*passim*

*IMS, P.C. v. Alvarez*,
    129 F.3d 618 (D.C. Cir. 1997) ...........................................................................8

*Marcum v. Salazar*,
    751 F. Supp. 2d 74 (D.D.C. 2010) .....................................................................4

*Maritel, Inc. v. Collins*,
    422 F. Supp. 2d 188 (D.D.C. 2006) ...................................................................4

*Marsh v. Or. Natural Res. Council*,
    490 U.S. 360 (1989)...........................................................................................3

*Miami Nation of Indians of Indiana v. Babbitt*,
    979 F. Supp. 771 (N.D. Ind. 1996) ....................................................................6

*Nat'l Mining Ass'n v. Jackson*,
    856 F. Supp. 2d 150 (D.D.C. 2012) ..............................................................4, 15

*Oceana, Inc. v. Ross*,
    290 F.Supp.3d 73 (D.D.C. 2018) ...............................................................3, 6, 7

*Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*,
    448 F. Supp. 2d 1 (D.D.C. 2006) ............................................................3, 4, 15

*Public Citizen v. Heckler*,
    653 F. Supp. 1229 (D.D.C. 1987) ................................................................2, 9

*Rakhimov v. Gacki, et al.*,
    Civil Action No. 19-2554 (D.D.C. Aug. 23, 2019) .........................................2

*Stainback v. Sec. of Navy*,
    520 F. Supp. 2d 181 (D.D.C. 2007) ...............................................................4

*Styrene Info. & Research Ctr., Inc. v. Sebelius*,
    851 F. Supp. 2d 57 (D.D.C. 2012) ..............................................................6, 8

*Wilmina Shipping AS v. United States Dep't of Homeland Sec.*,
    No. CV 11-2184 (ABJ), 2013 WL 12340838 (D.D.C. Sept. 4, 2013)............................ 16

**STATUTES**

5 U.S.C. § 706.................................................................................................4

**OTHER MATERIALS**

Notification to Congress that Treasury Intends to Terminate the Sanctions
    Imposed on En+, Rusal, and EuroSibEnergo (Dec. 19, 2018), *available at*
    https://www.treasury.gov/resource-center/sanctions/OFAC-
    Enforcement/Documents/20181219_notification_removal.pdf........................................ 12

Press Release, *OFAC Delists En+, Rusal, and EuroSibEnergo*
    (Jan. 27, 2019), *available at* https://home.treasury.gov/news/press-releases/sm592 ....... 12

Press Release, *OFAC Notifies Congress of Intent to Delist En+, Rusal, and EuroSibEnergo*
    (Dec. 19, 2018), *available at* https://home.treasury.gov/news/press-releases/sm576 ...... 12

# INTRODUCTION

As conceded by Defendants, on December 18, 2018, OFAC received—and has been in the possession of ever since—a letter memorializing information that specifically rebuts the allegations that OFAC identified in its press release announcing Bazzi's designation and explains that any relationships alleged by OFAC have ceased prior to the time of that designation. Defs.' Mem. in Opp. to Pl.'s Mot. to Compl. the Admin. R. ("Defs.' Opp.") at 6, ECF No. 29. Defendants have also conceded that they reviewed, considered, and responded to that letter by denying the request for Terms of Removal agreement contained within that letter. *Id*.

Defendants are correct that the purpose of the letter was, in part, to seek a Terms of Removal agreement, and not to initiate an administrative reconsideration matter. But Defendants miss the point entirely, as those facts are immaterial to Bazzi's motion. Specifically, Bazzi does not now claim that the letter should have been considered as part of a reconsideration of his designation. Rather, the critical facts are that the letter was in the possession of and considered by the agency, whether directly or indirectly, at the time that OFAC—on its own initiative—re-designated Bazzi.

Indeed, it was Defendants who—after briefing was completed and the parties were preparing a Joint Appendix for filing with the Court—chose to re-designate Bazzi pursuant to the amended version of E.O. 13224. Second Am. Compl. ("SAC") ¶ 28, ECF No. 23. Defendants imply that this was necessary due to an administrative error in the processing two of the exhibits supporting the original evidentiary memorandum disclosed to Bazzi, even though the discrete information at issue had been withheld in full. *Id*. ¶ 27. Defendants, however, fail to explain why— in order to ensure that information not disclosed to Bazzi was not included as part of the Joint Appendix—it was necessary for OFAC to re-designate Bazzi under a new legal authority pursuant

to new blocking and evidentiary memoranda. Not only have Defendants failed to cite any authority showing that Bazzi's re-designation was necessary in order to correct their administrative error, but doing so is also out of step with what Defendants have done in other similar litigations.[1] The fact that the information included due to an administrative error was not cited or relied upon by OFAC only underscores the question of why the re-designation was necessary. *See* Defs.' Opp. at 3, ECF No. 29.

What is critical to the instant motion is that key OFAC decisionmakers chose to re-designate Bazzi after having received, considered, and responded to information rebutting the findings and conclusions that are nearly identical to those contained in administrative record for Bazzi's re-designation. *See* Defs.' Opp. at 5, ECF No. 29. The administrative record for his re-designation, however, makes no reference to that information, nor to OFAC's meeting with Bazzi's counsel, its receipt of exculpatory information demonstrating that the circumstances resulting in his initial designation had already changed. SAC ¶ 43, ECF No. 23.

Defendants brush off their awareness of the information Bazzi provided, despite the fact that they had considered this information and that it directly addresses and is adverse to OFAC's findings and conclusions in support of the re-designation. *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 198 (D.D.C. 2005) (citing *Public Citizen v. Heckler*, 653 F. Supp. 1229, 1237 (D.D.C. 1987) (supplementing the record may be necessary when an agency excludes information adverse to its position from the administrative record)). They do so by stating that OFAC did not consider that information in the re-designation and the agency is entitled to a strong presumption

---

[1] In the midst of litigation in *Rakhimov v. Gacki, et al.*, Civil Action No. 19-2554 (D.D.C. Aug. 23, 2019), OFAC made changes to the record disclosed to the plaintiff in that case by lifting a number of redactions in the certified administrative record in that matter and filing an amended certified index for the revised administrative record. *See id.*, Notice of Filing of Amended Certified Index to Administrative Record, ECF No. 15. In doing so, OFAC did not re-designate the plaintiff.

of propriety. Defs.' Opp. at 10, ECF No. 29. Despite Defendants' casual approach to the countervailing information Bazzi provided is inconsistent with the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, which does not allow an agency to "skew the record in its favor by excluding pertinent but unfavorable information." *Fund for Animals*, 391 F. Supp. 2d at 197.

Accordingly, Bazzi seeks to complete the administrative record in this matter with *all* of the materials that were before OFAC when it reached its decision to re-designate him, including "all documents and materials that the agency directly or indirectly considered." *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 4 (D.D.C. 2006). This includes documents and materials "that might have influenced the agency's decision." *AMFAC Resorts, LLC v. U.S. Dep't of the Interior*, 143 F.Supp.2d 7, 12 (D.D.C. 2001).

Defendants' explanation that they did not consider the information which is adverse to their decision because Bazzi's re-designation was a separate and discrete action—notwithstanding its being based on nearly identical conclusions, findings, and evidence as the prior action—is simply an attempt to evade judicial review. Defendants have cited no authority that they may do so, and further permitting this approach would "result in the Court reviewing agency action without the entire administrative record before it . . . ." *Oceana, Inc. v. Ross*, 290 F.Supp.3d 73, 78 (D.D.C. 2018), and contravene the Court's duty to "ensure that agency decisions are founded on a reasoned evaluation." *Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 378 (1989). In other words, Defendants' position with respect to Bazzi's motion, if accepted, would "render judicial review [under the APA] generally meaningless." *Id*.

In sum, and for the reasons explained below, the administrative record certified before this Court is incomplete and should include (1) the letter of December 18, 2018, from Erich C. Ferrari to OFAC titled "November 29, 2018 Meeting Follow Up," ECF No. 28-2 ("Exhibit A"); (2) the

response of February 6, 2019, to that letter from OFAC to Erich C. Ferrari, ECF No. 28-3 ("Exhibit B"); and (3) the Evidentiary Memorandum and Exhibit List that were originally disclosed and certified in this matter, ECF No. 28-4 ("Exhibit C"). Without these documents, the administrative record "do[es] not constitute the 'whole record' compiled by the agency." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 419 (1971) (quoting 5 U.S.C. § 706). Therefore, completion or supplementation of the administrative record is not merely proper here, it is necessary for fair review of OFAC's actions challenged in this case.

## ARGUMENT

### I. THE ADMINISTRATIVE RECORD MUST BE COMPLETED, OR IN THE ALTERNATIVE, SUPPLEMENTED WITH ALL DOCUMENTS CONSIDERED BY, OR OTHERWISE BEFORE, OFAC WHEN IT RE-DESIGNATED BAZZI

Completion of the administrative record is appropriate where a party sets forth "concrete evidence that the documents it seeks to 'add' to the record were actually before the decisionmakers." *Nat'l Mining Ass'n v. Jackson*, 856 F. Supp. 2d 150, 156 (D.D.C. 2012) (quoting *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010)). This involves "identify[ing] reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record." *Id.* "All documents and materials that the agency directly or indirectly considered," as well as those "that might have influenced the agency's decision," must be included in the administrative record. *Pac. Shores Subdivision, Cal. Water Dist.,* 448 F. Supp. 2d at 1, 4 (quoting *Maritel, Inc. v. Collins*, 422 F. Supp. 2d 188, 196 (D.D.C. 2006)); *AMFAC Resorts, L.L.C.*, 143 F. Supp. 2d at 7, 12 (citation omitted). This is because a "fair review of an agency decision" is necessarily dependent on the Court having "before it neither more nor less information than did the agency when it made its decision." *Pac. Shores Subdivision, Cal. Water Dist.,* 448 F. Supp. 2d at 5 (quoting *Fund for Animals*, 391 F. Supp. 2d at 196; *see also Stainback v. Sec. of Navy*, 520 F.

Supp. 2d 181, 185 (D.D.C. 2007) (noting that "[a]llowing administrative agencies to preclude judicial access to materials relied upon in taking whatever action is then being subject to judicial scrutiny would make a mockery of judicial review").

The record for Bazzi's re-designation that was certified by Defendants in this matter does not, however, include all documents and materials that had been considered by OFAC before it took that action. Specifically, it does not include the December 18, 2018 letter from Bazzi's counsel to OFAC providing countervailing and exculpatory information with respect to the conclusions and findings relied upon for OFAC's re-designation of Bazzi. *See* Pl.'s Mem. of Points and Authorities in Supp. of Mot. to Compl. the Admin. R. at 3, ECF No. 28-1, Exhibit A. Nor does it include OFAC's response to that letter denying the request for a Terms of Removal agreement contained within that agreement. *See id*. at 4, Exhibit B.

On the other hand, Defendants—relying on *Bimini Superfast Operations LLC v. Winkowski*, 994 F. Supp. 2d 103, 105 (D.D.C. 2014)—contend that "OFAC 'is entitled to a strong presumption . . . that it properly designated the administrative record,' and that the agency properly excluded that information from the record because it did not consider it re-designating Bazzi." Defs. Opp. at 10. However, in *Bimini*, plaintiffs sought to *exclude* information not originally found in administrative record but failed to present evidence that the documents in question were actually before the agency when it made its decision. *Bimini*, 994 F. Supp. 2d at 105. Nor did the plaintiffs in *Bimini* identify why those documents were irrelevant to the issues involved in the case. *Id*. Thus, the Court in *Bimini* found the documents to be properly part of the administrative record. *Id*. Accordingly, *Bimini* held that "[s]o long as the agency considered the document, even if the agency considered it only indirectly and did not even rely on it in making its decision—much less cite to it—that document is properly in the administrative record." *Id*.

Consistent with the holding in *Bimini*, there is no reason to question that the documents at issue were before OFAC at the time it re-designated Bazzi. Indeed, Plaintiffs have conceded their receipt, consideration, and response to those documents. Defs.' Opp. at 6, ECF No. 29. Further, Defendants—outside of saying that they did not consider the documents—did not, and cannot, argue that those documents are not relevant or related to the conclusions and findings underlying Bazzi's re-designation, as they state that the "basis for his [re-designation] remained substantively identical" to his initial designation. *Id.* at 5. Thus, Defendants' defense that OFAC did not consider the documents sought to complete the administrative record for Bazzi's re-designation is insufficient and falls well short of what the law requires, no matter how strong a presumption of propriety the agency is afforded.

Furthermore, "on a motion to complete the record, a plaintiff must only put forth concrete evidence and identify reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record." *Fort Sill Apache Tribe v. Nat'l Indian Gaming Comm'n*, 345 F. Supp. 3d 1, 9 (D.D.C. 2018) (quotation and alteration omitted). "If a plaintiff can show that a piece of evidence was before the agency at the time the decision was made—and thus that that evidence is part of the administrative record—it makes little sense to require that the plaintiff also show [bad faith or some other] unusual circumstances before requiring the agency to add the properly-part-of-the-record evidence to the record." *Oceana*, 290 F. Supp. 3d at 78. No special justification is necessary "to complete the current record to include materials that should have been there from the start." *Miami Nation of Indians of Indiana v. Babbitt*, 979 F. Supp. 771, 777 (N.D. Ind. 1996). "If an agency did not include materials that were part of its record, whether by design or accident," they should be included in the record for the Court's review. *Styrene Info. & Research Ctr., Inc. v. Sebelius*, 851 F. Supp. 2d 57, 63 (D.D.C. 2012)

(quotation omitted). "To hold otherwise would result in the Court reviewing agency action without the entire administrative record before it, contrary to what the APA directs." *Oceana*, 290 F. Supp. 3d at 78.

Bazzi has identified reasonable, non-speculative grounds that the documents he seeks added to the administrative record were received, reviewed, and considered by OFAC, but not included in the record. Defendants appear to concede that point, with the exception of saying that they did not consider those documents for Bazzi's re-designation. Bazzi is not required to show anything beyond that which Defendants appear to have already conceded. Given that OFAC had received, reviewed, considered, and responded to a portion of those documents—with the other documents including the agency's response—these documents should have been part of Bazzi's re-designation record from the start. Whether OFAC purposefully did not include them as part of the administrative record it compiled in support of Bazzi's re-designation, or simply forgot to do so, is irrelevant. Those documents are material and necessary to the Court's review of the claims in this matter as they constitute part of the entire administrative record. Defendants cannot credibly argue otherwise by claiming to not have considered them for a re-designation action that they undertook on their own accord, and which is predicated on identical facts addressed by the documents Bazzi now seeks to complete the record with.

Moreover, the intent or purpose of the December 18, 2018 letter is not relevant to the question of whether OFAC possessed and considered the information that the letter contained—which it clearly did as evidenced by the agency's response. Defs.' Opp. at 6, ECF No. 29. It is true that, within the letter, Bazzi sought a Terms of Removal agreement consistent with OFAC's delisting procedures. The fact that Bazzi sought delisting by discussing potential remedial measures to be proposed in furtherance of obtaining a Terms of Removal agreement in the same

7

document in which he provided countervailing and exculpatory information in support of that request does not exempt OFAC from addressing its consideration of that information in future actions against Bazzi.

By Defendants' logic, any adverse or countervailing information received by OFAC with respect to any of their actions could be set aside in future actions against the same targets simply by stating that they did not consider that information in taking the new action. In other words, Defendants believe that OFAC can simply ignore countervailing or exculpatory information that comes within its possession when undertaking sanctions designation actions. This is simply unlawful under the APA and should not be accepted by this Court. Accordingly, OFAC's choice to re-designate Bazzi after receiving countervailing and exculpatory information with respect to the basis of that re-designation, and then excluding that information from the administrative record compiled in support of the re-designation is improper.

In addition, Defendants cannot justify the exclusion of highly relevant, adverse documents from the administrative record simply by claiming that the documents were not "directly or indirectly considered" by the agency. *Fund for Animals*, 391 F. Supp. 2d at 199; *Envtl. Def. Fund v. Blum*, 458 F. Supp. 650, 661 (D.D.C. 1978) (warning that an "agency may not…skew the 'record' for review in its favor by excluding from that 'record' information in its own files which has great pertinence to the proceeding in question"). Moreover, even if relevant documents were not before the agency—which they clearly are in this case—they would fall within the D.C. Circuit's exceptions for inclusion of extra-record evidence if the agency failed to examine them. *See Styrene Info. & Research Ctr., Inc.*, 851 F. Supp. 2d at 57, 63 (citing *IMS, P.C. v. Alvarez*, 129 F.3d 618, 624 (D.C. Cir. 1997)).

Bazzi has already made a *prima facie* showing that OFAC excluded adverse information from the record by proving that "the documents at issue (1) were known to the agency at the time it made its decision, (2) 'are directly related to the decision,' and (3) 'are adverse to the agency's decision.'" *Fund for Animals*, 391 F. Supp. 2d at 198 (citing *Public Citizen*, 653 F. Supp. at 1237). Indeed, Defendants have conceded that the December 18, 2018 letter was known to OFAC. Further, the substantive content of the letter was countervailing and exculpatory with respect to the conclusions and findings relied upon for Bazzi's re-designation. This appears to be conceded by the Defendants, who acknowledge that the basis for his re-designation remained "substantively identical" to Bazzi's initial designation. Defs.' Opp. at 5, ECF No. 29. Thus, the information contained in the December 18, 2018 letter is directly related to OFAC's decision to re-designate Bazzi. In short, Defendants are seeking to exclude highly relevant, adverse documents from the administrative record that were in their possession simply by claiming that the documents were not "directly or indirectly considered" by the agency. In doing so, Defendants seek to establish an administrative record that prevents effective judicial review. *Fund for Animals*, 391 F. Supp. 2d at 198.

For these reasons, and those described in Bazzi's initial Memorandum of Points and Authorities in Support of Plaintiff's Motion to Complete or, in the Alternative, to Supplement the Administrative Record, this Court is respectfully requested to order Defendants to supplement the administrative record with (1) the letter of December 18, 2018, from Erich C. Ferrari to OFAC titled "November 29, 2018 Meeting Follow Up," Exhibit A; (2) the response of February 6, 2019, to that letter from OFAC to Erich C. Ferrari, Exhibit B; and (3) the Evidentiary Memorandum and Exhibit List that were originally disclosed and certified in this matter, Exhibit C.

## II.   DEFENDANTS' ADDITIONAL ARGUMENTS ARE UNAVAILING

Defendants make a number of additional arguments in opposition to Bazzi's motion to complete the administrative record—all of which are unavailing.

First, Defendants claim that Bazzi cannot rely on the information contained in the December 18, 2018 letter because he failed to provide the agency the occasion to substantively respond to them in its administrative process. Defs.' Opp. at 15, ECF No. 29. This suggests that OFAC believes it need only consider exculpatory or countervailing information in the agency's possession concerning a sanctioned person if that information was submitted to OFAC for purposes of adjudicating an administrative delisting request. That requirement is not however reflected in OFAC's regulations, nor do Defendants cite any authority to support it.

Further, Defendants ignore the fact that a Terms of Removal agreement predicated on remedial steps or commitments that satisfy the agency that delisting is warranted is wholly consistent with OFAC's procedures governing delisting from the SDN List. *See* 31 C.F.R. § 501.807(a). More specifically, Defendants imply that their rejection of Bazzi's request is somehow not governed by OFAC's delisting criteria because "he told OFAC that his letter 'is not a request for administrative reconsideration' of his designation and should not 'be included in any record being developed with respect to an administrative reconsideration.'" Defs.' Opp. at 1, ECF No. 29. Bazzi, however, explained why that was the case, noting that the circumstances relied upon for his designation had already changed, and therefore requested to have his designation rescinded instead pursuant to a Terms of Removal agreement. *See* Exhibit A. Notwithstanding Defendants' implication, OFAC's regulations do not precondition delisting on submission of a request for administrative reconsideration. *See* 31 C.F.R. § 501.807.

Despite Bazzi's December 18, 2018 letter not being a request for administrative reconsideration under 31 C.F.R. § 501.807, it does not mean that the letter was not submitted in accordance and consistent with the other avenues available for delisting under that regulation. Defendants seek to obscure this fact by offering the Court an abridged citation to those regulations. *See* Defs.' Opp. at 6, ECF No. 29. However, under the full span of those delisting procedures, "[a] person may seek administrative reconsideration of his, her or its designation [], *or* assert that the circumstances resulting in the designation no longer apply, and thus seek to have the designation rescinded pursuant to the following administrative procedures: (a) A person blocked under the provisions of any part of this chapter [] may submit arguments or evidence that the person believes establishes that insufficient basis exists for the designation. The blocked person *also* may propose remedial steps on the person's part [] which the person believes would negate the basis for designation." 31 C.F.R. § 501.807 (emphasis added). OFAC's regulations further explain that information submitted by a blocked person seeking unblocking will be reviewed by OFAC and that OFAC will provide a written decision to the blocked person after it has conducted its review. *Id*. This is precisely what took place with respect to Bazzi's request for a Terms of Removal agreement, insofar as the letter expressly offered "any actions or commitments by Bazzi that would satisfy OFAC that his delisting is warranted." *See* Exhibit A, Exhibit B.

The reason Bazzi could not offer more explicit remedial measures is readily understandable from the context provided in the December 18, 2018 letter. As Bazzi noted to OFAC, the agency's allegations were underlying Bazzi's designation were exaggerated, and—even if taken as true— the circumstances underlying those allegations had already changed. Indeed, that was the point of the November 29, 2018 meeting with OFAC and the provision of the countervailing and exculpatory information contained in the letter—Bazzi did not know what he could do to address

OFAC's allegations in light of the changed circumstances, and thus was looking to work with OFAC to address its concerns and commit to actions that would earn him delisting through a Terms of Removal agreement.

With no valid answer to this very apparent point, Defendants seek to recast Bazzi's request for a Terms of Removal agreement setting forth remedial steps consistent with OFAC's procedures governing delisting from the SDN List as a "settlement request." Defs.' Opp. at 2, ECF No. 29. Specifically, Defendants suggest that "such [Terms of Removal] requests amount to a demand for settlement." *Id.* at 6. Again, Defendants do not and cannot cite to any authority for this assertion. Moreover, "settlements" are expressly defined in OFAC's regulations solely to address agency enforcement actions for purported violations of those regulations. *See, e.g.*, Appendix A to 31 C.F.R. Part 501, 31 C.F.R. § 594.703. Nowhere in OFAC's regulations is the term "settlement" used to describe any process or procedure related to either sanctions designations or the removal of such designations.

Furthermore, Defendants have never used the term settlement anywhere in explaining or describing Terms of Removal agreements that have been entered into by OFAC. *See e.g.*, Press Release, *OFAC Notifies Congress of Intent to Delist En+, Rusal, and EuroSibEnergo* (Dec. 19, 2018), *available at* https://home.treasury.gov/news/press-releases/sm576; Notification to Congress that Treasury Intends to Terminate the Sanctions Imposed on En+, Rusal, and EuroSibEnergo (Dec. 19, 2018), *available at* https://www.treasury.gov/resource-center/sanctions/OFAC-Enforcement/Documents/20181219_notification_removal.pdf; Press Release, *OFAC Delists En+, Rusal, and EuroSibEnergo* (Jan. 27, 2019), *available at* https://home.treasury.gov/news/press-releases/sm592. Instead, when OFAC has publicly discussed Terms of Removal agreements, its descriptions and explanations of those agreements

have identified parties' commitments that enable them to meet OFAC's criteria for delisting. *Id.* This is precisely what Bazzi sought—an agreement to rescind his designation in exchange for his commitment to undertake remedial steps that would satisfy OFAC that his delisting is warranted. *See id.* Thus, Defendants offer the Court a post-hoc rationalization that Bazzi's December 18, 2018 letter was a demand for settlement, despite the fact that it clearly requests a Terms of Removal agreement and proposes to predicate that agreement on "any actions or commitments by Bazzi that would satisfy OFAC that his delisting is warranted." Exhibit A. While the letter does suggest that Bazzi would not bring this action if the parties could reach a Terms of Removal agreement, nowhere does the letter mention or use the word "settlement." *Id.*

Defendants also claim that their review and decision on Bazzi's request for a Terms of Removal agreement "is a discrete agency action separate from his re-designation, and the information considered for one action does not control the record for the other," Defs.' Opp. at 2, ECF No. 29. This is where Defendants entirely miss the point. Defendants ask this Court to ignore the obvious and pretend that Bazzi's request for a Terms of Removal agreement was not a ten-page document providing exculpatory and countervailing evidence with respect to the exact same conclusions and findings—supported by nearly identical evidence—that OFAC relied upon in its re-designation action. Thus, Bazzi's December 18, 2018 was not merely a request to be removed from the SDN List which OFAC adjudicated without bearing on its later decision to re-designate him. Rather, it was a substantial informational document directly addressing the findings and conclusions later relied upon for OFAC's re-designation action, that was submitted to the OFAC decisionmakers involved in the later re-designation action, and that Defendants have conceded that they reviewed, considered, and responded to.

As noted elsewhere in this Reply, Defendants do not cite any authority supporting their position that they can simply ignore adverse information in OFAC's possession, and the weight of the law is clearly against their attempt to do so. For these reasons, Defendants' position with respect to Bazzi's request is inconsistent with OFAC's regulations and its past practice in granting other Terms of Removal agreements consistent with those regulations, and, in any event, is not material to whether or not there was information in the agency's possession that was considered, directly or indirectly, and not included in the administrative record.

Next, Defendants suggest that "Bazzi apparently thinks that OFAC should have considered his settlement letter when it decided to re-designate him." Defs.' Opp. at 15, ECF No. 29. To clarify Defendants' confusion, Bazzi does not think that OFAC "should have" considered his December 18, 2018 letter when it decided to re-designate him—he asserts that OFAC *did* consider that letter. Indeed, Defendants have conceded that they responded to the letter—which would necessitate its consideration—and thus was in possession and aware of the countervailing and exculpatory information that the letter contained at the time it re-designated Bazzi. The December 18, 2018 letter was therefore improperly excluded from the administrative record in this matter.

Defendants further claim that Bazzi may raise the issue "in the course of merits briefing based on the current administrative record, but it does not implicate whether the record should be supplemented." *Id*. This argument presents several problems. Again, Bazzi's position is that OFAC did consider that information in the process of re-designating him. Completion or supplementation of the administrative record is therefore appropriate, as Defendants concede that OFAC had the information before it but did not include it in the administrative record certified to the Court in this matter. In addition, Bazzi may of course advance arguments during merits briefing that OFAC failed to consider the exculpatory information relevant to his re-designation in a manner that

violates the APA. What Bazzi may do in merits briefing, however, in no way diminishes the fact that the Court will be reviewing those arguments on the basis of an administrative record that is being skewed by Defendants to include only those materials deemed "relevant" by OFAC to Bazzi's re-designation—and that what OFAC views as relevant evidently does not include ten pages of information that directly addresses and contradicts the findings and conclusions underlying OFAC's re-designation action. Therefore, the issue is not whether Bazzi may raise those arguments during this litigation, but rather whether the Court is in a position to fairly review the challenged agency actions given the circumscribed nature of the certified administrative record. Indeed, without completion or supplementation of the administrative record, the Court will be unable to effectively determine whether the decision rendered by the agency was permissible under the APA in light of all the information that was before it.

Third, Defendants' argument that each of OFAC's actions are wholly separate and discrete is unavailing. Even if the Court might conclude that OFAC's actions in this matter are separate and discrete, supplementation of the administrative record would still remain appropriate. This is because there are "reasonable, non-speculative grounds for [Bazzi's] belief that the documents [at issue] were considered by the agency and not included in the record." *Nat'l Mining Ass'n*, 856 F. Supp. 2d at 150, 156. Indeed, even if considered to be a separate "agency action," OFAC's decision to re-designate Bazzi was based on substantively identical conclusions and findings as those relied upon for his original designation, and those findings and conclusions were already addressed by the information provided in Bazzi's December 18, 2018 letter. As the Court should have "before it neither more nor less information than did the agency when it made its decision," *Pac. Shores Subdivision, Cal. Water Dist.*, 448 F. Supp. 2d at 5, the documents at issue here should be included in the administrative record. This is because OFAC had those materials in its possession and,

although those materials were considered, they were not included in the administrative record certified before this Court.

Finally, Defendants' argument that Bazzi improperly conflates discrete agency actions Defs.' Opp. at 12, ECF No. 29, because the documents in question documents were not "directly or indirectly considered" by OFAC is likewise unavailing. In making this argument, Defendants cite *Wilmina Shipping AS v. United States Dep't of Homeland Sec.*, No. CV 11-2184 (ABJ), 2013 WL 12340838, at *3 (D.D.C. Sept. 4, 2013), to suggest that "the fact that records exist in an agency's files alone is not enough to warrant supplementation. The agency must have considered the omitted records in making their decision." *Id*. In *Wilmina*, however, Plaintiffs suggested that the administrative record should include additional documentation and analyses based on their reference to an email describing agency decision making processes, but without concrete evidence of such additional records. The Court in that case therefore did not find reasonable, non-speculative grounds to conclude that documents allegedly omitted from the record were considered by the agency in reaching the decision at issue. *Id*. at *4. That is not that case here, where Defendants concede that they received, reviewed, considered, and responded to the letter at issue, and the documents were submitted by Bazzi to address the same conclusions and findings upon which his re-designation was based. Therefore, the Defendants' reliance on *Wilmina* is misplaced, and they cannot justify their exclusion of a highly relevant, adverse document from the administrative record by simply claiming that the document was not "directly or indirectly considered" by the agency. *Fund for Animals*, 391 F. Supp. 2d at 199.

## CONCLUSION

For the foregoing reasons, the Court is respectfully requested to grant Bazzi's Motion To Complete or, in the Alternative, to Supplement the Administrative Record and require Defendants

to include in the administrative record in this matter (1) the letter of December 18, 2018, from

Erich C. Ferrari to OFAC titled "November 29, 2018 Meeting Follow Up," Exhibit A, ECF No.

28-2; (2) the response of February 6, 2019, to that letter from OFAC to Erich C. Ferrari, Exhibit

B, ECF No. 28-3; and (3) the Evidentiary Memorandum and Exhibit List that were originally

disclosed and certified in this matter, Exhibit C, ECF No. 28-4.

April 10, 2020                                    Respectfully submitted,

                                                 /s/ Erich C. Ferrari
                                                 Erich C. Ferrari, Esq.
                                                 FERRARI & ASSOCIATES, P.C.
                                                 1455 Pennsylvania Avenue, NW
                                                 Suite 400
                                                 Washington, D.C. 20004
                                                 Telephone: (202) 280-6370
                                                 Fax: (877) 448-4885
                                                 Email: ferrari@falawpc.com
                                                 D.C. Bar No. 978253

                                                 Counsel for Plaintiff
                                                 *Mohammad Ibrahim Bazzi*